J-S87019-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| KARL R. SAMPSELL, | |
| Appellant | No. 1010 MDA 2016 |

Appeal from the PCRA Order entered May 24, 2016,
in the Court of Common Pleas of Union County,
Criminal Division, at No(s): CP-60-CR-0000166-2010
& CP-60-CR-0000178-2009

BEFORE:  LAZARUS, SOLANO, and PLATT, JJ.

MEMORANDUM BY SOLANO, J.:                **FILED JANUARY 24, 2017**

Appellant, Karl R. Sampsell, appeals *pro se* from the order denying his petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Upon review, we affirm.

In a previous appeal, this Court summarized the pertinent facts and procedural history as follows:

> Appellant initially pled guilty at No. 178-2009 to one count of possession with intent to deliver ("PWID") and one count of criminal use of a communication facility.  He was sentenced on October 12, 2010, to eleven and one-half months to twenty-three months imprisonment followed by three years [of] probation on the PWID count.  On the other count, he was sentenced to five years [of] probation to run concurrently to the sentence imposed at the first count.

> On September 15, 2011, Appellant pled guilty at No. 166-2010 to one count of PWID and was sentenced to six

to twelve months [of] incarceration, to run concurrently with the sentence at No. 178-2009, and a five-year period of probation to run consecutively to [the term of] imprisonment and probation at that number. Thus, in effect, Appellant began serving an aggregate sentence of incarceration on October 12, 2010.

On March 24, 2014, while on probation, Appellant was charged with PWID, possession of a controlled substance, and possession of drug paraphernalia. The Commonwealth filed a motion to revoke Appellant's probation at both numbers on March 31, 2014. Following a hearing on May 16, 2014, the court revoked Appellant's probation and resentenced him at No. 178-2009 to one to two years [of] imprisonment on the communications facility count and a consecutive term of one to three years [of] incarceration on the PWID count. At No. 166-2010, Appellant was resentenced to two and one-half to five years [of] incarceration, to be served consecutive to the sentence imposed at no. 178-2009. Thus, Appellant's new aggregate sentence was four and one-half years to ten years [of] incarceration. The Court then stated that Appellant would receive a Recidivism, Risk, Reduction, Incentive ("RRRI") sentence of forty-five months and twenty-five days, with a credit for time served of fifty-three days from March 24, 2014 to May 16, 2014.

On May 30, 2014, Appellant filed a motion to modify his sentence to state intermediate punishment, which the court denied. Upon subsequently learning that its RRRI calculation was incorrect, however, the court issued a June 25, 2014 order amending the sentence to forty-five months with the same credit for time served.

On October 23, 2014, Appellant filed [a] *pro se* petition for credit for time spent in custody . . . alleging that he was entitled to 598 days of credit for time served in prison on the aforementioned sentences. Counsel was appointed. On January 20, 2015, the court issued a rule upon the Commonwealth to respond to the petition, which it did. Following a hearing on February 5, 2015, the court dismissed the petition.

*Commonwealth v. Sampsell*, No. 980 MDA 2015, unpublished memorandum at 1-4 (Apr. 19, 2016) (footnotes omitted).

Appellant filed a timely appeal to this Court. We first noted that the trial court should have treated Appellant's petition for time credit as a timely PCRA. The panel then determined that Appellant's claim regarding the award of credit for time served prior to the revocation of probation presented a legality of sentence question subject to plenary review. *Sampsell*, unpublished memorandum at 5 (citing *Commonwealth v. Menezes*, 871 A.2d 204 (Pa. Super. 2005), *appeal denied*, 890 A.2d 1057 (Pa. 2005). We then thoroughly discussed Appellant's request in conjunction with pertinent case law and concluded that he was not entitled to the 598 day credit. The panel did conclude, however, that Appellant was entitled to an additional one day of credit for when he was in custody awaiting bail on charges at No. 178-2009. We therefore vacated the trial court's order dismissing Appellant's petition, and remanded for further proceedings.

Upon remand, the trial court, by an order dated May 2, 2016, granted Appellant's petition for time credit in part, and, in accordance with our directive, credited Appellant for an additional day of credit against his aggregate prison sentence.

On May 23, 2016, Appellant filed the *pro se* PCRA petition underlying this appeal, in which he asserted the ineffective assistance of appellate counsel and an illegal sentence claim. The next day, the PCRA court entered an order dismissing the PCRA petition because Appellant failed to "exhaust

his appellate remedies by appealing this Court's May 2, 2016 Order." Order, 5/24/16, at 1 (footnote omitted). Appellant filed this timely appeal on June 13, 2016.

Preliminarily, we recognize that in reviewing the propriety of the PCRA court's order denying Appellant relief, we are limited to ascertaining whether the record supports the determination of the PCRA court and whether the ruling is free of legal error. ***Commonwealth v. Johnson***, 966 A.2d 523, 532 (Pa. 2009). We defer to the factual findings of the PCRA court, "but its legal determinations are subject to our plenary review." ***Id.*** The PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied that no genuine issues of material fact have been raised, no legitimate purpose would be served by further proceedings, and the petitioner is not entitled on the merits to post-conviction relief. Pa. R.Crim.P. 909(B). This Court may affirm a PCRA court's decision on any grounds supported by the record. ***Commonwealth v. Rykard***, 55 A.3d 1177, 1183 (Pa. Super. 2012), ***appeal denied***, 64 A.3d 631 (Pa. 2013).

In his *pro se* brief, Appellant presents the following issues:

> I. Was [Appellant] required to exhaust claims of appellate counsel ineffectiveness and illegal sentence prior to filing a PCRA petition?

> II. Was appellate counsel ineffective for failing to cite and discuss ***Commonwealth v. Johnson***, 967 A.2d 1001 (Pa. Super. 2008), in his appellate brief?

Appellant's Brief at 4.

Before addressing Appellant's claims, we must first determine whether Appellant's PCRA petition was timely filed. The timeliness of a post-conviction petition is jurisdictional. ***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA must be filed within one year of the date the judgment is final unless the petition alleges and the petitioner proves one of the three exceptions to the time limitations for filing the petition set forth in Section 9545(b)(1) of the statute.[1] A PCRA petition invoking one of these statutory exceptions must "be filed within 60 days of the date the claims could have been presented." ***Id.*** at 651-52 (citing 42 Pa.C.S. § 9545(b)(2)). Asserted exceptions to the time restrictions in the PCRA must be included in the petition and may not be raised for the first time on appeal.

---

[1] The three exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1).

*Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa. Super. 2007), *appeal denied*, 959 A.2d 927 (Pa. 2008).

Appellant did not file a direct appeal after he was resentenced on May 16, 2014. As a result, his judgment of sentence became final thirty days thereafter, on June 16, 2014. *See* 42 Pa.C.S. § 9545(b)(3). He thus had to file this PCRA petition within one year, by January 20, 2015, for it to be timely. 42 Pa.C.S. § 9545(b)(1). As Appellant filed the instant petition on May 23, 2016, it is untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. *See Hernandez*, 79 A.3d at 652.

Within his brief, Appellant has neither acknowledged the PCRA's time bar nor attempted to prove any exception to that bar. Instead, he raises a claim of appellate ineffectiveness and argues that his sentence was illegal. "It is well settled that allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA." *Commonwealth v. Wharton*, 886 A.2d 1120, 1127 (Pa. 2005). Moreover, although generally a legality of sentencing issue is reviewable and cannot be waived, it must be raised in a timely filed PCRA petition. *See* 42 Pa.C.S. § 9545(b)(1); *Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999) (explaining that, "[a]lthough legality of sentence is always subject to review

within the PCRA, claims must first satisfy the PCRA's time limits or one of the exceptions thereto").[2]

In sum, for the above reasons, the PCRA court lacked jurisdiction to consider Appellant's untimely PCRA petition. We therefore affirm the PCRA court's order denying Appellant post-conviction relief.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/24/2017

---

[2] Although not relating to jurisdiction, we also agree with the conclusion by both the PCRA court and the Commonwealth that Appellant's claim regarding proper time credit, and the corresponding legality of his sentence, was previously litigated in his first PCRA petition and therefore may not be relitigated here. *See Sampsell*, at 4-9; 42 Pa.C.S. §§ 9543(a)(3) (requiring "[t]hat the allegation of error has not been previously litigated"), 9544(a)(3) (stating that an issue has been previously litigated if "it has been raised and decided in a proceeding collaterally attacking the conviction or sentence").