471 A.2d 866

**COMMONWEALTH of Pennsylvania**

v.

**Albert FRAZIER, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 9, 1983.

Filed Feb. 10, 1984.

John Packel, Chief, Appeals, Assistant Public Defender, Philadelphia, for appellant.

Jane Cutler Greenspan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before SPAETH, President Judge, and CAVANAUGH and HOFFMAN, JJ.

SPAETH, President Judge:

This is an appeal from an order of the Court of Common Pleas of Philadelphia County denying a petition for a writ of certiorari to the Municipal Court of Philadelphia. Appellant argues that the Municipal Court erred in denying his motion to suppress physical evidence. We hold that appellant did not timely file his petition for a writ of certiorari, and therefore quash this appeal.

Appellant was arrested on December 1, 1980, and charged with knowing and intentional possession of a controlled substance and with possession of a controlled substance with intent to deliver. On April 29, 1981, appellant's motion to suppress physical evidence was denied and on May 12, 1981, appellant was found guilty of the first charge and not guilty of the second in a non-jury trial in the Municipal Court of Philadelphia, and was sentenced to one year of probation. On July 31, 1981, appellant filed a petition for a writ of certiorari in the Court of Common Pleas of Philadelphia, alleging that the Municipal Court erred in denying his motion to suppress. The Court of Common Pleas, HIRSH, J., held that the Municipal Court had not erred, and by opinion and order of July 26, 1982, denied appellant's petition for a writ of certiorari.

Timeliness of an appeal is a jurisdictional issue that may be raised by the court *sua sponte*. *Penjerdel Refrigeration Corporation, Inc. v. R.A.C.S.*, 296 Pa.Super. 62, 442 A.2d 296 (1982). Although appellant was sentenced on May 12, 1981, his petition for a writ of certiorari was not filed until July 31, 1981, which was seventy-nine days after he was sentenced. An appeal must be filed within 30 days after the entry of the order from which the appeal is taken. 42 Pa.C.S.A. § 5571. Similarly, Pa.R.Crim.P. 6006, governing procedures for the Philadelphia Municipal Court, provides that after imposition of sentence, the judge shall inform a defendant "of the right to appeal for trial *de novo* within 30 days...." Here, the sentencing judge complied with that rule. N.T. 5/12/81 at 18. The question we must

decide, therefore, is whether a defendant who chooses to file a petition for a writ of certiorari, rather than an appeal for a trial *de novo,* is also subject to the 30 day limitation. We hold that he is.

The writ of certiorari is authorized as a mode of appeal from the Municipal Court of Philadelphia by Section 26 of the Schedule to Article 5 of the Pennsylvania Constitution:

### § 26. Writs of certiorari

Unless and until changed by rule of the Supreme Court, in addition to the right of appeal under section nine of this article, the judges of the courts of common pleas, within their respective judicial districts, shall have power to issue writs of certiorari to the municipal court in the City of Philadelphia, justices of the peace and inferior courts not of record and to cause their proceedings to be brought before them, and right and justice to be done.

*See Commonwealth v. Dincel,* 311 Pa.Super. 470, 476–77 n. 3, 457 A.2d 1278, 1281 n. 3 (1983). In *Commonwealth v. Poindexter,* 248 Pa.Super. 564, 567 n. 2, 375 A.2d 384, 386 n. 2 (1977), *rev'd. on other grounds,* 484 Pa. 472, 399 A.2d 390 (1979), we said:

Although the Supreme Court, by Pennsylvania Rule of Criminal Procedure 159(e), has suspended the Act of Dec. 2, 1968, P.L. 1137, No. 355, § 6, 42 P.S. § 3006, the act which previously authorized courts of common pleas to issue writs of certiorari to minor judiciary courts, the Supreme Court has not specifically abolished certiorari. We must therefore assume that the courts of common pleas retain the power to issue writs of certiorari to the Philadelphia Municipal Court in non-summary criminal cases.

*See also Commonwealth v. Dincel, supra,* 311 Pa.Super. at 476–77 n. 3, 457 A.2d at 1281 n. 3.

It is therefore clear that the Court of Common Pleas had the *power* to issue the writ. Nevertheless, we think that the Court of Common Pleas was without *jurisdiction* in this particular case because the petition for the writ was filed beyond the 30 day limit for his filing an appeal. We

see no reason, nor have we found any case suggesting a reason, to require appeals from the Municipal Court of Philadelphia to be filed within 30 days while allowing petitions for writs of certiorari to be filed beyond such a time limitation. Moreover, the procedural differences between the writ and an appeal for a trial *de novo* do not support any such distinction in regard to timeliness. One authority, cited in *Commonwealth v. Dincel, supra*, 311 Pa.Superior Ct. at 477, 457 A.2d at 1281, has described the procedural differences as follows:

> A defendant may also appeal municipal court convictions on the record rather than de novo, and this appeal is heard by the court of common pleas. This mode of appeal is instituted by a petition for a writ of certiorari filed in the common pleas court. This appeal is not granted as a matter of right and the success of this procedure depends on the record made in the municipal court. If a successful appeal would require an arrest of judgment and a termination of a prosecution, then this procedure may be the most appropriate. *For example, if the evidence was insufficient to sustain the conviction, an appeal by writ of certiorari would terminate the prosecution, while a de novo appeal would merely require a new trial at which the Commonwealth would have another opportunity to convict the defendant.* Wasserbly, Pennsylvania Criminal Practice I, § 12.04 (1981). (emphasis added)

Thus, inasmuch as the writ of certiorari requires the Court of Common Pleas to review the record of what took place in the Municipal Court, it has the quality of a true appeal. The "appeal" for a trial *de novo*, by contrast, does not, since the Court of Common Pleas does not, in such cases, "review" the record made in the Municipal Court but grants the defendant a new trial without reference to that record. There is all the more reason, therefore, to make petitions for writs of certiorari subject to the 30 day requirement for filing appeals.

Since appellant's petition for a writ of certiorari was filed 79 days after he was sentenced, it was untimely and the

Court of Common Pleas should have quashed it, instead of considering it on its merits. *Strickler v. United Elevator Co., Inc.,* 257 Pa.Super. 542, 391 A.2d 614 (1978) (untimely appeals raise jurisdictional questions and must be quashed).

The fact that appellant's petition for the writ is captioned "Nunc Pro Tunc" suggests that appellant was aware that his petition was untimely. However, appellant's petition did not present any reasons why the Court of Common Pleas should issue the writ *nunc pro tunc.* Only where there are circumstances such as ineffectiveness of counsel, fraud, or a breakdown in the court's operations is an appeal *nunc pro tunc* justified. No such circumstance was alleged. *See Commonwealth v. Ritchie,* 298 Pa.Super. 165, 444 A.2d 712 (1982); *Marcinak v. Lavery,* 286 Pa.Super. 92, 428 A.2d 587 (1981) (only fraud or breakdown in court's operations may justify allowing appeal *nunc pro tunc* ); *MacKanick v. Rubin,* 244 Pa.Super. 467, 368 A.2d 815 (1976) (same). *Cf. Commonwealth v. Gregory,* 309 Pa.Super. 529, 455 A.2d 1210, 1211 (1983) (although untimely post-verdict motions were decided by trial court on merits, issues raised in motions were not preserved for appeal but were waived).

Appeal Quashed.