## COMMONWEALTH of Pennsylvania, Appellee,

### v.

## Carlos MENEZES, Appellant.

Superior Court of Pennsylvania.

Argued Oct. 5, 2004.
Filed March 8, 2005.

---

Peter Rosalsky, Public Defender, Philadelphia and John Packel, Public Defender, Philadelphia, for appellant.

Hugh J. Burns, Asst. Dist. Atty., Philadelphia and Joan Weiner, Asst. Dist. Atty., Philadelphia, for Com., appellee.

BEFORE: STEVENS, GANTMAN, and KELLY, JJ.

## OPINION BY GANTMAN, J.:

¶ 1 Appellant, Carlos Menezes, asks us to determine whether he is entitled to credit for the 18 hours he served in pre-arraignment custody on the charge of driving under the influence ("DUI").[1] Specifically, Appellant challenges as illegal his sentence of 48 consecutive hours' imprisonment under the mandatory sentencing provision in Section 3731(e). We hold the court properly sentenced Appellant to 48 consecutive hours' imprisonment and correctly determined Appellant was not entitled to credit for the 18 hours he served in pre-arraignment custody. Accordingly, we affirm.

¶ 2 The relevant facts and procedural history of this appeal are as follows. At approximately 1:45 a.m. on August 31, 2002, Philadelphia police observed Appellant driving erratically on Bustleton Avenue near Red Lion Road. Police stopped Appellant and noticed the odor of alcohol on his breath. Appellant appeared inebriated and police arrested him for DUI. He refused blood-alcohol testing. Appellant remained in police custody until approximately 8:30 p.m., when he was released on his own recognizance following arraignment.

¶ 3 Appellant was convicted of DUI in Philadelphia Municipal Court on February 20, 2003. On May 29, 2003, the court sentenced him to a flat term of 48 consecutive hours to be served over the weekend beginning Friday, August 1, 2003, with immediate parole on August 3, 2003, and a concurrent term of one year probation. Appellant filed a motion for reconsideration of sentence, seeking credit for the 18 hours he spent in pre-arraignment custody. The court denied the motion on June 4, 2003.

¶ 4 On June 12, 2003, Appellant filed an appeal *via* petition for writ of *certiorari* in the Philadelphia Court of Common Pleas, claiming the Municipal Court erred in failing to credit him for time served.[2] The Common Pleas Court scheduled a hearing on the petition for July 30, 2003. That date, the court entered an order staying Appellant's sentence pending appeal. On August 12, 2003, the court denied Appellant's petition for writ of *certiorari* for failure to produce the relevant notes of testimony. Sometime thereafter, Appellant filed a petition to refile the writ of *certiorari; i.e.,* to reinstate his appeal,

---

**1.** 75 Pa.C.S.A. § 3731(a)(1). The Pennsylvania Legislature repealed Section 3731 on September 30, 2003, P.L. 120, No. 24, § 14, effective February 1, 2004. The DUI statute is now 75 Pa.C.S.A. § 3802.

**2.** A defendant has two modes of appeal from a Philadelphia Municipal Court judgment: an appeal for a trial *de novo* or a petition for writ

of *certiorari*. A trial *de novo* gives the defendant a new trial without reference to the Municipal Court record; a petition for writ of *certiorari* asks the Common Pleas Court to review the record made in the Municipal Court. *See Commonwealth v. Ripley,* 833 A.2d 155, 158–59 (Pa.Super.2003), *appeal denied,* 577 Pa. 733, 848 A.2d 927 (2004).

averring the relevant notes of testimony were currently available.[3] The court re-listed the matter for disposition to take place on October 22, 2003. On that date, the court denied relief, concluding Appellant was not entitled to credit for the 18 hours he served pre-arraignment.

¶ 5 Appellant filed his notice of appeal on November 14, 2003. Appellant complied with the court's directive to file a Rule 1925(b) statement of matters complained of on appeal, and the court filed a responsive Rule 1925(a) opinion.

¶ 6 On appeal, Appellant presents a single issue for our review:

IS APPELLANT ENTITLED TO TIME CREDIT ON HIS DUI PRISON SENTENCE FOR TIME SPENT IN CUSTODY ON THAT CHARGE PRIOR TO SENTENCING?

(Appellant's Brief at 3).

█ ¶ 7 Before we can address Appellant's claim, we must determine whether this appeal is properly before us. The Commonwealth argues Appellant's appeal is untimely. The Commonwealth avers the Common Pleas Court dismissed Appellant's appeal from Municipal Court on August 12th. The Commonwealth contends the court had no jurisdiction to consider Appellant's untimely petition to refile, because more than thirty days had elapsed since the entry of its prior order dismissing the matter. Thus, the Commonwealth concludes the instant appeal, filed on November 14, 2003, is untimely as well. We disagree.

█ ¶ 8 Preliminarily, we note the Rules of Criminal Procedure for the Phila-delphia Municipal Court are found in Chapter 10 of the Pennsylvania Rules of Criminal Procedure, and govern the appeal process in non-summary Municipal Court cases. Pa.R.Crim.P. 1000–1010. Specifically, Rule 1006 states in pertinent part:

**Rule 1006. Notice of Right to Appeal or to Petition for *Certiorari;* Guilty Plea Challenge Procedure**

Immediately after the imposition of sentence, the judge shall inform the defendant:

(1) in the case of a trial and verdict of guilty:

(a) of the right to file a petition for a writ of *certiorari* within 30 days without costs or to appeal for trial *de novo* within 30 days without costs;

\* \* \*

Pa.R.Crim.P. 1006(1)(a). The defendant who chooses to file a petition for writ of *certiorari*, rather than an appeal for trial *de novo*, is subject to the same 30–day limitation to file the petition. *Commonwealth v. Frazier*, 324 Pa.Super. 334, 471 A.2d 866, 867 (1984). As a general rule, the Court of Common Pleas has no jurisdiction to issue a writ of *certiorari* to a petitioner who files his petition for a writ after thirty days following his conviction. *Id.*

█ ¶ 9 Nevertheless, a challenge to the trial court's failure to award credit for time spent in custody prior to sentencing involves the legality of sentence and is cognizable under the PCRA. *Commonwealth v. Beck*, 848 A.2d 987, 989 (Pa.Super.2004) (citing *Commonwealth v. Hollawell*, 413 Pa.Super. 42, 604 A.2d 723 (1992); *Com-*

---

**3.** The time stamp on the petition to refile contained in the original record is blurred, faint and illegible. The docket indicates Appellant filed his petition to refile on June 19, 2003. The Commonwealth avers Appellant filed the petition to refile on October 9, 2003.

Appellant does not specifically dispute the Commonwealth's averment and appears to concede the precise filing date is uncertain. Absent more, we are unable to give Appellant the benefit of the doubt regarding the filing date of his petition to refile.

*monwealth v. Hockenberry,* 455 Pa.Super. 626, 689 A.2d 283 (1997), *appeal denied,* 548 Pa. 645, 695 A.2d 784 (1997)). A PCRA petition must be filed within one year after the challenged judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b).

¶ 10 In the instant case, the Municipal Court sentenced Appellant on May 29, 2003, and informed him of his appellate rights. Appellant filed a timely petition for a writ of *certiorari* with the Philadelphia County Court of Common Pleas on June 12, 2003. On August 12, 2003, the court denied and dismissed Appellant's petition for failure to provide the relevant Municipal Court record. Thereafter, Appellant sought to refile his petition for a writ of *certiorari* to reinstate his appeal, averring that the relevant notes of testimony were available. The court relisted the matter for a disposition to take place on October 22, 2003. On that date, the court denied relief, concluding Appellant was not entitled to credit for the 18 hours he served pre-arraignment. Appellant filed the present appeal on November 14, 2003. Because Appellant's claim challenges the legality of his sentence and is cognizable under the PCRA, we deem Appellant's petition to refile for a writ of *certiorari* as a petition in the nature of a request for PCRA relief. *See Beck, supra; Hockenberry, supra.* Appellant's petition was timely filed less than one year after the date his challenged judgment became final. *See* 42 Pa.C.S.A. § 9545(b). Accordingly, the Court of Common Pleas properly entertained the petition to refile, and the instant appeal from the order denying relief on the petition is also timely. *See Beck, supra; Hockenberry, supra.*

¶ 11 Appellant concedes the DUI statute provides for a minimum sentence of "not less than 48 **consecutive** hours." (Appellant's Brief at 7) (emphasis added).

Appellant claims the Sentencing Code also requires sentencing courts to give credit "for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed...." (*Id.*) Appellant argues the DUI statute and the credit provision of the Sentencing Code are "not...irreconcilably inconsistent such that one must be disregarded in order to effectuate the other." (*Id.* at 8). Appellant insists the statutes can be reconciled by viewing the DUI statute simply as a directive to **order** the 48 consecutive hours' imprisonment, while allowing credit under the separate credit provision of the Sentencing Code. Thus, Appellant concludes the court erred in denying him credit for the 18 hours he served in pre-arraignment custody. We disagree.

¶ 12 Appellant's issue implicates the interplay between the mandatory sentencing provision of the DUI statute and the Sentencing Code provision allowing credit for time served. The DUI statute in effect at the time of Appellant's offense provides in relevant part as follows:

§ 3731. **Driving under the influence of alcohol or controlled substance**

\* \* \*

(e) **Penalty.—**

(1) Any person violating any of the provisions of this section is guilty of a misdemeanor of the second degree, except that a person convicted of a third or subsequent offense is guilty of a misdemeanor of the first degree, and the sentencing court shall order the person to pay a fine of not less than $300 and serve a minimum term of imprisonment of:

(i) Not less than 48 consecutive hours.

75 Pa.C.S.A. § 3731(e)(1)(i). The relevant provision of the Sentencing Code states:

## § 9760. Credit for time served

After reviewing the information submitted under section 9737 (relating to outstanding charges and sentences) the court shall give credit as follows:

(1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of conduct on which such a charge is based. Credit shall include credit for the time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal. 42 Pa.C.S.A. § 9760(1).

¶ 13 Pennsylvania law generally interprets the term "shall" in legislative enactments to declare a mandatory duty. *Commonwealth v. Ferguson*, 381 Pa.Super. 23, 552 A.2d 1075, 1080, 1088 (1988). Rarely has the word "shall" been construed to denote a discretionary duty. *Id.* The use of the word "shall" in a statute when referring to the obligation of the sentencing court is intended to convey a lack of discretion on the part of the sentencing judge. *Commonwealth v. Filius*, 346 Pa.Super. 434, 499 A.2d 1078, 1079 (1985). "The same intent is conveyed by the language of 75 Pa.C.S. § 3731(e)(3), where the legislature referred to "the mandatory penalties of this section" and directed that they not be superseded by sentencing guidelines applicable to other offenses." *Id.*

¶ 14 The objective of statutory interpretation and construction is to ascertain and effectuate the intention of the legislature. 1 Pa.C.S.A. § 1921(a). "[W]here the intent of the legislature is clear from the plain meaning of the statute, there is no need to pursue statutory construction." *Commonwealth v. Alexander*, 811 A.2d 1064, 1066 (Pa.Super.2002), *appeal denied*, 573 Pa. 676, 822 A.2d 703 (2003) (citing *Commonwealth v. Packer*, 568 Pa. 481, 488–89, 798 A.2d 192, 196 (2002)). "Only when the language of the statute is ambiguous does statutory construction become necessary." *Id.* When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit. 1 Pa.C.S.A. § 1921(a).

¶ 15 Moreover:

Where the general provisions of one statute conflict with the specific provisions of another statute, the two statutes must be construed to give effect to both unless the conflict is irreconcilable, in which case specific provisions govern general provisions as long as the general provisions were not enacted after the specific provisions and the General Assembly did not clearly indicate that the general provisions be given priority over the specific provisions. 1 Pa.C.S.A. § 1933. *See Commonwealth v. Smith*, 375 Pa.Super. 419, 433, 544 A.2d 991, 997–98 (1988) (*en banc* ) ( [holding] when two [sentencing] statutes irreconcilably conflict, specific statute governs general statute unless general statute was enacted after specific statute and general statute clearly indicates its priority).

*Commonwealth v. Henderson*, 444 Pa.Super. 170, 663 A.2d 728, 736 (1995) (*en banc* ).

¶ 16 Instantly, the specific penalty provision set forth in Section 3731(e) requires the court to impose a mandatory sentence of 48 consecutive hours. *See* 75 Pa.C.S.A. § 3731(e). However, the general provision of Section 9760 requires the court to give credit for all time spent in custody. *See* 42 Pa.C.S.A. § 9760. Under the circumstances of this case, these statutes cannot be reasonably reconciled to give effect to both. *See Henderson, supra.* Crediting Appellant as a DUI offender for 18 hours

of pre-arraignment confinement would defy the mandatory sentencing provision of the DUI statute, which calls for a minimum of 48 **consecutive** hours. *See* 75 Pa.C.S.A. § 3731.

¶ 17 Further, the general provision of Section 9760 regarding credit for time served was enacted on December 30, 1974, effective in 90 days. *See* 42 Pa.C.S.A. § 9760. The specific provision of Section 3731 for DUI offenders was enacted on June 17, 1976, effective July 1, 1977. *See* 75 Pa.C.S.A. § 3731. Thus, Section 9760 predates Section 3731. Accordingly, the penalty provision set forth in Section 3731 controls and must be given full effect. *See Henderson, supra; Smith, supra.* This outcome is plainly a reasonable result, as it forecloses a DUI offender from sleeping off some of his sentence or serving his sentence in segments. In other words, the statute at issue requires a DUI offender to serve his full sentence at one time, in a presumably sober state.

¶ 18 Based on the foregoing, we hold the court properly sentenced Appellant to 48 consecutive hours' imprisonment and correctly determined he was not entitled to credit for the 18 hours he spent in pre-arraignment custody on the DUI charge. Accordingly, we affirm the court's order which in effect denied Appellant PCRA relief.

¶ 19 Order affirmed.