J-S06010-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA<br><br>Appellee<br><br>v.<br><br>JAMES E. TRIMMER<br><br>Appellant | IN THE SUPERIOR COURT OF PENNSYLVANIA<br><br><br><br><br><br>No. 1146 MDA 2015 |

Appeal from the Order April 7, 2015
In the Court of Common Pleas of Adams County
Criminal Division at No(s): CP-01-CR-0000570-2007

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA<br><br>Appellee<br><br>v.<br><br>JAMES E. TRIMMER<br><br>Appellant | IN THE SUPERIOR COURT OF PENNSYLVANIA<br><br><br><br><br><br>No. 1150 MDA 2015 |

Appeal from the Order June 3, 2015
In the Court of Common Pleas of Adams County
Criminal Division at No(s): CP-01-CR-0000570-2007

BEFORE:  PANELLA, J., MUNDY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, J.                    **FILED MARCH 01, 2016**

In these consolidated appeals, Appellant, James E. Trimmer, appeals *pro se* from the orders entered April 7, 2015 and June 3, 2015, in the Court of Common Pleas of Adams County. We affirm.

---

[*] Former Justice specially assigned to the Superior Court.

Because we resolve these cases solely on procedural grounds, a recitation of the facts underlying Appellant's criminal convictions is unnecessary. We therefore summarize only so much of the procedural history as is necessary to our analysis.

Following a bench trial, the trial court convicted Appellant of manufacturing a controlled substance (marijuana) and possession with intent to deliver ("PWID") a controlled substance (marijuana). This Court affirmed Appellant's judgment of sentence on appeal, and the Pennsylvania Supreme Court denied allocatur on April 26, 2011. *See Commonwealth v. Trimmer*, 11 A.3d 1022 (Pa. Super., filed Aug. 12, 2010) (unpublished mem.), *appeal denied*, 20 A.3d 1211 (Pa. 2011). Appellant did not seek further review with the United States Supreme Court.

In the years that followed, Appellant filed several petitions for collateral relief, none of which merited relief. Of relevance to the instant case, Appellant filed a Writ of Mandamus on March 24, 2015, alleging that he was not awarded appropriate credit for time served. The trial court denied the Writ of Mandamus on April 7, 2015, and Appellant filed a timely appeal. Subsequent thereto, on May 22, 2105, Appellant filed a document titled "Requesting Clarity of Record," which the trial court denied on June 3, 2015. Appellant again filed a timely appeal.

Preliminarily, we note that Appellant's motion requesting credit for time served, styled as a Writ of Mandamus, is a challenge to the legality of Appellant's sentence. It is thus cognizable under the Post Conviction Relief

- 2 -

Act.[1] **See** 42 Pa.C.S.A. § 9543(a)(2)(vii); **Commonwealth v. Menezes**, 871 A.2d 204 (Pa. Super. 2005) (explaining claim alleging failure to award credit for time served involves legality of sentence and is cognizable under PCRA). Because the PCRA is the *sole* means of obtaining collateral relief when the legality of sentence is challenged, **see** 42 Pa.C.S.A. § 9542, we must review Appellant's claim under the parameters of the PCRA.[2]

Before we address the merits of a PCRA petition, however, we must first consider the petition's timeliness. "The PCRA timeliness requirements are jurisdictional in nature and, accordingly, a court cannot hear untimely PCRA petitions." **Commonwealth v. Flanagan**, 854 A.2d 489, 509 (Pa. 2004) (citation omitted). A petitioner must file a PCRA petition within one year of the date that his judgment becomes final. **See** 42 Pa.C.S.A. § 9545(b)(1). A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review. **See** 42 Pa.C.S.A. § 9545(b)(3).

Here, Appellant's sentence became final on July 25, 2011, upon expiration of the time to file a writ of *certiorari* with the United States

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] As Appellant's request for credit for time served is cognizable under the PCRA, the trial court should have treated Appellant's Writ of Mandamus as a serial PCRA petition.

Supreme Court. **See** 42 Pa.C.S. § 9545(b)(3); U.S.Sup.Ct.R. 13 (petition for writ of certiorari must be filed within 90 days of final judgment). Thus, Appellant's petition seeking credit for time served—filed nearly three years late on March 25, 2015—is patently untimely. Appellant has not asserted that his petition falls within any of the timeliness exceptions provided in the PCRA. **See** 42 Pa.C.S. § 9545(b)(1)(i)-(iii). Accordingly, neither the lower court nor this Court has jurisdiction to consider Appellant's request for relief. **See** 42 Pa.C.S. § 9545(b)(1).

We next address Appellant's appeal from the denial of his Request for Clarification of Record. From what we are able to discern from Appellant's brief, he argues that there is a discrepancy in the record regarding his convictions and the sentence imposed. As noted, Appellant was convicted following a bench trial of Count I, manufacturing a controlled substance and Count II, PWID.[3] **See** Order, 9/10/08. On February 23, 2009, the trial court sentenced Appellant with respect to the manufacturing count to five years' imprisonment. Appellant was further sentenced to a concurrent one to five-year term of imprisonment on the PWID count.

The written sentencing order of February 23, 2009, correctly and accurately transcribes the sentence as announced in open court on that

---

[3] Count III, Possession of Drug Paraphernalia, was dismissed.

date. No discrepancy in the record exists. As such, the trial court correctly denied Appellant's Request for Clarification of Record.

Orders affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/1/2016