J-S04023-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RONALD J. MITCHELL | |
| Appellant | No. 3668 EDA 2015 |

Appeal from the Judgment of Sentence August 20, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): MC-51-CR-0000384-2010

BEFORE:  SHOGAN, J., OTT, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OTT, J.:                    **FILED OCTOBER 23, 2017**

Ronald Mitchell appeals from the judgment of sentence imposed August 20, 2015, in the Philadelphia Municipal Court General Division, made final by the trial court's denial of his petition for writ of *certiorari* to the Philadelphia Court of Common Pleas on November 16, 2015.  He seeks relief from the sentence of 72 hours to four months' county imprisonment, and two months' recurring probation, imposed after he was found guilty of two counts of driving under the influence ("DUI") of a controlled substance.[1]  On appeal, Mitchell contends the trial court erred in denying his motion to dismiss the DUI charges

_____

[*] Former Justice specially assigned to the Superior Court.

[1] *See* 75 Pa.C.S. §§ 3802(d)(1) and (d)(2).

pursuant to the compulsory joinder rule codified at 18 Pa.C.S. § 110. For the

reasons below, we affirm.

The relevant facts and procedural history underlying this appeal were

aptly summarized by the trial court as follows:

> On January 10, 2010, Philadelphia police officers stopped [Mitchell], in his vehicle for disregarding a steady red signal. On that date, [Mitchell] was arrested and subsequently charged with [DUI] pursuant to 75 Pa.C.S. § 3802, and issued a traffic citation for Disregarding a Traffic Device pursuant to 75 Pa.C.S. § 3711A. On February 12, 2012, [Mitchell] pled guilty to Disregarding a Traffic Device in the Philadelphia Traffic Court and initiated a payment plan; the DUI charge was not adjudicated on that date. [Mitchell failed to appear for a court date on the DUI charges and a bench warrant was issued. The bench warrant was not lifted until April of 2015.] On June 25, 2015, [Mitchell] moved to dismiss the DUI charge in Municipal Court before the Honorable Bradley K. Moss, arguing the Commonwealth was barred from prosecuting him under the compulsory joinder provisions of 18 Pa.C.S. § 110 because he was previously prosecuted for and convicted of the traffic violation. Judge Moss denied [Mitchell's] motion. Following trial, Judge Moss found [Mitchell] guilty of DUI under 75 Pa.C.S. § 3802, and sentenced [him] to 72 hours to four months of incarceration with two months of concurrent probation on August 20, 2015. [Mitchell] then filed a Writ of Certiorari to the Court of Common Pleas[, seeking to dismiss the charges as violative of the compulsory joinder provisions of 18 Pa.C.S. § 110.[2]] On November 16, 2015, this Court denied [Mitchell's] Writ.

_____

[2] We note that an appellant convicted in the Philadelphia Municipal Court has two options for appeal. He may seek a trial *de novo* or a petition for writ of *certiorari*:

> A trial *de novo* gives the defendant a new trial without reference to the Municipal Court record; a petition for writ of *certiorari* asks the Common Pleas Court to review the record made in the Municipal Court.

Trial Court Opinion, 4/8/2016, at 1-2. This timely appeal followed.[3]

The sole claim Mitchell raises on appeal is that the trial court erred in denying his motion to dismiss the DUI charges pursuant to the compulsory joinder rule set forth in Section 110.[4] **See** Mitchell's Brief at 3.

Section 110 of the Pennsylvania Crimes Code provides, in relevant part:

Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:

(1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for the same offense) and the subsequent prosecution is for:

\* \* \* \*

(ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and **occurred within the same judicial district** as the former prosecution unless the court ordered a separate trial of the charge of such offense[.]

18 Pa.C.S. § 110(a)(1)(ii) (emphasis supplied).

---

**Commonwealth v. Menezes**, 871 A.2d 204, 207 n.2 (Pa. Super. 2005), *appeal denied*, 890 A.2d 1057 (Pa. 2005).

[3] On March 14, 2016, the trial court ordered Mitchell to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Mitchell complied with the court's directive, and filed a concise statement on April 4, 2016.

[4] Because he challenges the trial court's application of a statute, Mitchell raises a question of law; therefore, "our standard of review is *de novo*, and our scope of review is plenary." **Commonwealth v. Fithian**, 961 A.2d 66, 71 n.4 (Pa. 2008).

Mitchell contends that Subsection 110(a)(1)(ii) "expressly precludes successive prosecutions for offenses that occurred within the same 'judicial district' when they arise from the same criminal episode." Mitchell's Brief at 10. Therefore, he insists his 2012 conviction of the summary traffic offense, which arose out of the same criminal episode as the DUI charges herein, barred his 2015 DUI prosecution in the Municipal Court of Philadelphia. Consequently, he asserts the trial court erred in failing to grant his petition for writ of *certiorari* and dismiss those charges. **See id.** at 10-11.

An *en banc* panel of this Court recently addressed this same issue in **Commonwealth v. Perfetto**, ____ A.3d ____, 2017 PA Super 281 (Pa. Super. August 30, 2017) (*en banc*).[5] The **Perfetto** Court explained that prior to 2002, the language of Section 110 precluded a subsequent prosecution when the separate offenses arose from the same criminal episode and the charges were "within the jurisdiction of a single court." **Id.** at *3. The **Perfetto** Court stated that because the Pennsylvania Supreme Court did not consider municipal courts and courts of common pleas to be a "single court," under the prior language in Section 110, summary traffic convictions in municipal court did not bar a subsequent trial for misdemeanor or felony charges. **See id.**

---

[5] Judge Ransom wrote the majority opinion in **Perfetto**, joined by Judges Bowes, Panella, Stabile, and the undersigned. Judge Moulton wrote a concurring opinion, in which he also concluded the DUI prosecution was not barred by the prior traffic offense prosecution. The undersigned also joined his concurrence. Judge Dubow wrote a Dissenting Opinion, joined by Judge Lazarus and President Judge Emeritus Bender.

However, the **Perfetto** Court acknowledged that the language of the current statute, as amended in 2002, removed the jurisdiction of the original court from consideration in a compulsory joinder analysis, rather focusing on "whether multiple offenses occurred within the same judicial district." **Id.** at *4. The Court summarized:

> Thus, the addition of the "same judicial district" language requires that all charges occurring within the same judicial district, arising from the same criminal conduct or criminal episode, and known to a prosecutor, shall be joined at the time of commencement of the first prosecution.

**Id.**

Nevertheless, the **Perfetto** Court recognized that "the jurisdiction of a court remains a consideration implicit to any compulsory joinder analysis," and, particularly so in judicial districts that have "distinct minor courts vested with "exclusive jurisdiction over specific matters." **Id.** at *5 (footnoted omitted). One example of such a court is the Philadelphia Municipal Court Traffic Division. The **Perfetto** Court found that while the Philadelphia Municipal Court General Division "has concurrent jurisdiction over Title 75 summary offenses[,] … the Pennsylvania Supreme Court "has reassigned Title 75 summaries as a class to the Philadelphia Municipal Court Traffic Division" as evidenced by amended comments to the rules of criminal procedure. **Id.** at *7. The Court summarized its holding as follows:

> In sum, the amended language "occurred within the same judicial district" found in Section 110 is clear and unambiguous. Rather, a court must consider whether all charges occurred in the same judicial district. Because of the implicit consideration of jurisdiction, where summary traffic offenses are included in

- 5 -

multiple crimes charged, in those judicial districts which have a separate traffic court, the summary traffic offenses may reach disposition in a single, prior proceeding without precluding subsequent prosecution of higher offenses. Where there is a separate traffic court, the traffic court is charged with disposing with the summary traffic violation(s) of the crimes charged without violation of the compulsory joinder rules. In those judicial districts which do not have a separate traffic court, the four-prong test compulsory joinder must be applied in order to determine whether the compulsory joinder rules have been violated.

Here, because of the unique jurisdictional organization of the Philadelphia Courts, [Perfetto's] subsequent DUI prosecution is not barred.

*Id.* at *9.

The **Perfetto** decision is dispositive of the single claim raised on appeal in the present matter. Mitchell's earlier prosecution for a summary traffic offense in Philadelphia Traffic Court[6] did not bar his subsequent prosecution for DUI in the Philadelphia Municipal Court General Division. Accordingly, we conclude the trial court did not err in denying his petition for writ of *certiorari*.

Judgment of sentence affirmed.

---

[6] We note that at the time Mitchell pled guilty to the traffic offense, Philadelphia operated a Traffic Court which had "jurisidiction of all prosecutions for summary offenses arising under … Title 75." **Perfetto**, **supra** at *12, Dissenting Opinion by Dubow, J. In 2013, however, the state legislature abolished Philadelphia Traffic Court "and transferred the jurisdiction of summary traffic offenses to Municipal Court[,]" creating two divisions: the General Division and the Traffic Division. **Id.** at *13.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/23/2017</u>