J. A17042/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
CHRISTOPHER ANTILL, : No. 886 EDA 2018
:
Appellant :

Appeal from the Order March 19, 2018,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. MC-51-CR-0043141-2014

BEFORE: PANELLA, P.J., OLSON, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED FEBRUARY 04, 2020**

Christopher Antill appeals from the March 19, 2018 order entered by the Court of Common Pleas of Philadelphia County ("Court of Common Pleas") denying his petition for a writ of ***certiorari*** following review of his convictions in the Municipal Court of Philadelphia County ("Municipal Court") of the following driving under the influence ("DUI") offenses: general impairment, highest rate of alcohol; driving under the influence of a controlled substance or combination of controlled substances; and driving under the influence of alcohol and a controlled substance or combination of controlled substances.[1] After careful review, we reverse the March 19, 2018 order of the Court of Common Pleas denying appellant's writ of ***certiorari***, vacate appellant's

_____

[1] 75 Pa.C.S.A. §§ 3802(a)(1), (c), (d)(2), and (d)(3), respectively.

judgment of sentence, and remand for further proceedings consistent with this memorandum.

The Court of Common Pleas provided the following factual and procedural history:

> On December 24, 2014, Officer Chavez responded to a call for a vehicle accident near the 4000 block of Cottman Avenue in Philadelphia. Upon his arrival, he saw an ambulance and the two cars involved in the accident. First, he responded to the car that was stricken, because it contained a child passenger. Then, Officer Chavez examined appellant's car[,] noted the vehicle's airbags had not deployed and the vehicle's front end had severe damage. Officer Chavez approached the vehicle where appellant was alone and settled in the driver's seat. Officer Chavez asked appellant if he was okay, and appellant responded in a slurred and unintelligible manner. Appellant could not provide Officer Chavez with his identification or any other documents. Officer Chavez directed appellant to step out of the vehicle. Appellant needed assistance from the officer to open the door and he stumbled while exiting the vehicle. Officer Chavez testified he placed appellant under arrest, because he thought appellant could not safely operate a vehicle. While being placed in handcuffs, appellant tried to regain his bearing, but fell instead and lost consciousness. Officer Chavez called for rescue, which transported appellant to the hospital via ambulance with officers following behind the transport.
>
> At the hospital, Officer Chavez asked if appellant would consent to the blood draw and read him the **O'Connell**[2] warnings. These warnings contained a provision that refusal to submit to testing alone would result in enhanced criminal penalties. In between

---

[2] **See Commonwealth, Dept. of Transp., Bureau of Traffic Safety v. O'Connell**, 555 A.2d 873 (Pa. 1989).

bouts of sleep, appellant agreed to submit to the blood testing verbally, but refused to sign the document.

This matter's procedural history is as follows. Appellant filed a motion to suppress the following: the observations made by the officer; the statements made to the officer; and appellant's consent to draw his blood.

On September 30, 2015, the [Municipal C]ourt heard and denied appellant's motion, holding the officers had probable cause to arrest him and finding that appellant's consent to draw his blood was voluntary.

On November 15, 2015, appellant was found guilty of driving under the influence under subsections 75 Pa.C.S.[A.] § 3802(a)(1) general impairment; (c) highest rate of alcohol; (d)(2) under the influence of a controlled substance or combination of controlled substances; and (d)(3) under the combined influence of alcohol and a controlled substance or combination of controlled substances.

On January 19, 2016, appellant was sentenced to three days to six months['] incarceration with a concurrent period of probation.

On April 15, 2016, the Court of Common Pleas granted appellant's [petition for] writ of ***certiorari*** in part and denied in part, finding [] appellant's arrest was supported by probable cause and that appellant's blood [test results] should be suppressed. The Commonwealth appealed the finding to [the] Superior Court.

Court of Common Pleas opinion, 10/2/18 at 1-3 (extraneous capitalization and citations to the record omitted; formatting modified).

Preliminarily, we note that this case involves an appellate procedure unique to Philadelphia County:

- 3 -

> When the Municipal Court (1) denies a motion to suppress, (2) finds the defendant guilty of a crime, and (3) imposes sentence, the defendant has the right to either request a trial *de novo* or to file a petition for a writ of *certiorari* in the Court of Common Pleas of Philadelphia County. Pa.R.Crim.P. 1006(1)(a). If the defendant files a *certiorari* petition challenging the denial of a suppression motion, the Court of Common Pleas of Philadelphia County sits as an appellate court and reviews the record of the suppression hearing in the Municipal Court. *Commonwealth v. Coleman*, 19 A.3d 1111, 1118-1119 (Pa.Super. 2011); *Commonwealth v. Menezes*, 871 A.2d 204, 207 n.2 (Pa.Super. 2005). Importantly, when performing this appellate review, the Court of Common Pleas of Philadelphia County applies precisely the same standard that the Superior Court applies in appeals from common pleas court orders denying motions to suppress.

*Commonwealth v. Neal*, 151 A.3d 1068, 1070 (Pa.Super. 2016).

Here, following the Commonwealth's filing of a timely appeal, this court, while relinquishing jurisdiction, remanded the case to the Court of Common Pleas with instructions to remand to the Municipal Court for findings of fact and conclusions of law for its denial of the motion to suppress and for the Court of Common Pleas to reconsider appellant's petition for writ of *certiorari* following the Municipal Court's findings of fact and conclusions of law. *See Commonwealth v. Antill*, 175 A.3d 377 (Pa.Super. 2017) (unpublished memorandum), citing *Neal*, 151 A.3d at 1071. The Municipal Court orally entered its findings of fact and conclusions of law into the record on October 26, 2017. The Municipal Court found the police officers' testimony to

be credible and concluded that appellant consented to a blood draw. (Notes of testimony, 10/26/17 at 5.)

The Court of Common Pleas subsequently reconsidered appellant's petition for a writ of *certiorari* and denied the petition on March 19, 2018. Appellant filed a timely notice of appeal to this court. The Court of Common Pleas ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and appellant timely complied. The Court of Common Pleas subsequently filed an opinion pursuant to Pa.R.A.P. 1925(a).

Appellant raises the following issue for our review:

> Did not the Philadelphia Court of Common Pleas err in denying appellant's petition for a writ of *certiorari* after the Philadelphia Municipal Court improperly denied appellant's motion to suppress the results of his warrantless blood draw, where appellant was unable to make a knowing and conscious choice and was threatened with criminal penalties for refusal, and where there were no exigent circumstances?

Appellant's brief at 3.

> Our standard of review in addressing a challenge to a [suppression] court's denial of a suppression motion is limited to determining whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. *Commonwealth v. Woodard*, [] 129 A.3d 480, 498 ([Pa.] 2015). We are bound by the suppression court's factual findings so long as they are supported by the record; our standard of review on questions of law is *de novo*. *Commonwealth v. Galvin*, [] 985 A.2d 783, 795 ([Pa.] 2009). Where, as here, the defendant is appealing the ruling of the suppression court, we may consider only the evidence of the

> Commonwealth and so much of the evidence for the defense as remains uncontradicted. ***Commonwealth v. Poplawski***, [] 130 A.3d 697, 711 ([Pa.] 2015). Our scope of review of suppression rulings includes only the suppression hearing record and excludes evidence elicited at trial. ***In the Interest of L.J.***, [] 79 A.3d 1073, 1085 ([Pa.] 2013).

***Commonwealth v. Smith***, 177 A.3d 915, 918 (Pa.Super. 2017), quoting ***Commonwealth v. Yandamuri***, 159 A.3d 503, 516 (Pa. 2017) (citation omitted); ***see also Coleman***, 19 A.3d at 1115 (applying same standard of review to consideration of Court of Common Pleas' denial of defendant's writ of ***certiorari*** following Municipal Court denial of suppression motion).

In his brief, appellant cites the Supreme Court of the United States' decision in ***Birchfield v. North Dakota***, 136 S.Ct. 2160, 2186 (2016), which held that "motorists cannot be deemed to have consented to submit to a blood test on pain of committing a criminal offense." (***See*** appellant's brief at 15-16.)

We must first determine whether ***Birchfield*** applies retroactively to the instant case. In ***Commonwealth v. Hays***, 218 A.3d 1260 (Pa. 2019), our supreme court held that in order for ***Birchfield*** to apply retroactively, an appellant must preserve the issue in question "at all stages of adjudication up to and including any direct appeal." ***Id.*** at 1266-1267, quoting ***Commonwealth v. Cabeza***, 469 A.2d 146, 148 (Pa. 1983); ***see also Commonwealth v. Sneed***, 899 A.2d 1067, 1076 (Pa. 2006), ***Commonwealth v. Tilley***, 780 A.2d 649, 652 (Pa. 2001).

Based on our review of the record, we find that appellant has preserved the issue that his consent was not rendered voluntarily at all stages of adjudication, up to and including direct appeal, in compliance with *Hays*. The record reflects that on September 30, 2015, the Municipal Court held a hearing on appellant's oral motion to suppress in which appellant sought suppression of the evidence stemming from the blood draw based on *Missouri v. McNeely*, 569 U.S. 141 (2013), and *Commonwealth v. Myers*, 118 A.3d 1122 (Pa.Super. 2015). (*See* notes of testimony, 9/30/15 at 31, 38-39.) Following his conviction by the Municipal Court, appellant filed a petition for a writ of *certiorari* with the Court of Common Pleas on February 18, 2016, in which he raised the same issues. (*See* appellant's petition for writ of *certiorari*, 2/18/16.) Following remand from this court and the Municipal Court's entry of its findings of fact and conclusions of law, the Court of Common Pleas held a hearing to reconsider appellant's writ of *certiorari*. Therein, appellant continued to raise the argument that appellant's consent to a blood draw was neither knowing nor voluntary. (*See* notes of testimony, 3/19/18 at 7-9.) Accordingly, we find that *Birchfield* applies retroactively to appellant's case.

Here, appellant specifically avers that he was unable to make a knowing and conscious choice of whether to submit to a blood draw and was threatened with criminal penalties for refusal to submit. (Appellant's brief at 11.)

Appellant further avers that there were no exigent circumstances justifying the warrantless seizure of his blood for chemical testing. (*Id.*)

We first turn to Pennsylvania's implied consent statute and whether appellant was able to make a knowing and conscious choice to submit to a blood draw. At the time of appellant's arrest, upon conviction of DUI, motorists were subject to enhanced criminal penalties for refusing to consent to a blood draw. *See* 75 Pa.C.S.A. § 1547(b)(2)(ii) (repealed)*.* In 2016, the Supreme Court of the United States held that "motorists cannot be deemed to have consented to submit to a blood test on pain of committing a criminal offense." *Birchfield*, 136 S.Ct. at 2186. The High Court's holding in *Birchfield* rendered "Pennsylvania's implied consent scheme [] unconstitutional insofar as it threatened to impose enhanced criminal penalties for the refusal to submit to a blood test." *Commonwealth v. Kurtz*, 172 A.3d 1153, 1157 (Pa.Super. 2017), citing *Commonwealth v. Ennels*, 167 A.3d 716, 724 (Pa.Super. 2017) (noting that "implied consent to a blood test cannot lawfully be based on the threat of such enhanced penalties"); *Commonwealth v. Evans*, 153 A.3d 323, 330-331 (Pa.Super. 2016). We have held that the federal good-faith exception to the exclusionary rule does not apply to cases where *Birchfield* is retroactively applied. *Commonwealth v. Carper*, 172 A.3d 613, 620 (Pa.Super. 2017), *appeal denied*, 184 A.3d 540 (Pa. 2018), citing *Commonwealth v. Frederick*, 124 A.3d 748, 756 (Pa.Super. 2015), *appeal denied*, 138 A.3d 2 (Pa. 2016) (holding that the

good-faith exception to the exclusionary rule does not exist under Article I, Section 8 of the Pennsylvania Constitution) (citation omitted).

Here, the record reflects that the police administered the *O'Connell* warnings to appellant, which included language relating to enhanced criminal penalties for refusing to submit to a blood draw*.* (Notes of testimony, 9/30/15 at 27-28.) The municipal court found that appellant orally consented to a blood draw, but he refused to sign the DL-26 form. (Notes of testimony, 10/26/17 at 5.) In light of *Birchfield* and its progeny, we find that appellant cannot be deemed to have voluntarily and knowingly consented to the blood draw, as he was under the threat of enhanced criminal penalties if he had elected to decline the blood draw. *See Ennels*, 167 A.3d at 724.

We next turn to whether exigent circumstances justified the warrantless blood draw. In its Rule 1925(a) opinion, the Court of Common Pleas stated that the warrantless draw of appellant's blood was subject to exigent circumstances in this case due to the Court of Common Pleas' "inference" of issues arising such as the "availability of [police] officers" during a "busy holiday weekend," and the practical issues associated with obtaining a timely search warrant for a blood draw. (Court of Common Pleas opinion, 10/2/18 at 6, citing *Commonwealth v. Trahey*, 183 A.3d 444 (Pa.Super. 2018), *appeal granted*, 196 A.3d 603 (Pa. 2018).) Accordingly, the Court of Common Pleas reached the following conclusion: "In order to deter the likely ensuing loss of evidence related to the investigation of the vehicle accident,

we hold the officer's objective assessment in light of the facts and circumstances established the requisite elements of the exigent circumstances exception to the warrant requirement." (*Id.* at 6-7.)

Based on our review of the record, there is no support for the Court of Common Pleas' "inferences" concerning the availability of police officers. Indeed, the Commonwealth did not present *any* evidence pertaining to the availability of police officers or the practical issues related to obtaining a search warrant for a blood draw. Further, there was no evidence presented concerning the possibility of losing evidence due to the dissipation of alcohol in appellant's blood stream. *See McNeely*, 569 U.S. at 156 (rejecting the proposition that the natural dissipation of alcohol in a motorist's bloodstream creates a *per se* exigency to justify a warrantless blood draw); *Birchfield*, 136 S.Ct. at 2174 (reiterating that the Supreme Court "held that the natural dissipation of alcohol from the bloodstream does not *always* constitute an exigency justifying the warrantless taking of a blood sample") (emphasis in original); *cf. Mitchell v. Wisconsin*, 139 S.Ct. 2525, 2539 (2019) (holding that the police may order a warrantless blood draw of an unconscious driver whom the police have probable cause to believe that he or she has committed a drunk-driving offense without violating the Fourth Amendment).

Accordingly, we find that the Court of Common Pleas erred when it denied appellant's writ of *certiorari*. Therefore, we reverse the Court of Common Pleas' order denying appellant's petition for a writ of *certiorari*,

vacate appellant's judgment of sentence, and remand for further proceedings consistent with this memorandum.

Order denying petition for writ of ***certiorari*** reversed. Judgment of sentence vacated. Remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/4/20