J-S26029-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ERIC WAYNE SMITH | : | |
| | : | |
| Appellant | : | No. 1705 WDA 2019 |

Appeal from the PCRA Order Entered October 21, 2019
In the Court of Common Pleas of Washington County Criminal Division at
No(s): CP-63-CR-0000054-2013

BEFORE: MURRAY, J., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McLAUGHLIN, J.: **FILED SEPTEMBER 01, 2020**

Eric Wayne Smith appeals *pro se* from the order dismissing his second petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Smith maintains that the PCRA court erred in dismissing his petition as untimely. We affirm.

This case stems from Smith's assault of a 12-year old minor. The trial court held a nonjury trial on August 23, 2013, after which it found Smith guilty of indecent assault, false imprisonment, corruption of minors, and terroristic threats.[1] The court sentenced Smith, on December 6, 2013, to an aggregate term of six to twelve years' imprisonment. Smith filed a direct appeal and in November 2014, this court affirmed his judgement of sentence. ***See***

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3126(a)(8), 2903(a), 6301(a)(1)(i), and 2706(a)(1), respectively.

***Commonwealth v. Smith***, No. 42 WDA 2014 (Pa.Super. filed 11/17/14) (unpublished memorandum). The Pennsylvania Supreme Court denied his petition for allowance of appeal on June 16, 2015.

After litigating a prior, unsuccessful PCRA petition, Smith filed the instant, *pro se* PCRA petition on December 30, 2018. Although Smith entitled his filing as a "Motion to Correct an Illegal Sentence," the PCRA court properly treated the filing as a second bid for relief under the PCRA. ***See*** 42 Pa.C.S.A. § 9543; ***Commonwealth v. Menezes***, 871 A.2d 204, 207 (Pa.Super. 2005) (stating claims regarding the legality of sentence are cognizable under the PCRA).

The PCRA court appointed counsel who ultimately filed a petition to withdraw and a ***Turner/Finley***[2] no-merit letter. Smith filed a response to counsel's letter reiterating his claim that his sentence was illegal. The PCRA court on September 25, 2019, issued a Pa.R.Crim.P. 907 notice of intent to dismiss Smith's petition and granted counsel's petition to withdraw. Smith responded to the Rule 907 notice, adding ineffective assistance of counsel claims. The PCRA court dismissed his petition on October 21, 2019. This appeal followed.

Smith raises the following issues:

1. During the bench trial, did the trial judge ignore relevant sentencing factors such as lack of evidence, contradictory and inconsistent testimony of the alleged victim, as well

---

[2] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

as disregard the corroborating testimony of a credible defense witness, and did this result in a judgment of guilty that makes a strong showing of being bias and prejudicial in nature.

2. Did the trial court show impartiality toward the petitioner when the District Attorney made the comment that "perhaps the whole thing simply took place in the boys mind but it didn't matter anyways" and did the trial judge commit an error of law by not declaring a mistrial.

3. Did defense counsel subject the petitioner to scare tactics (while discussing a defense strategy) based on his race and the nature of charges against him.

4. Did the petitioner's legal counsel, appointed by the court, use the petitioner's subjective characteristics to coerce the petitioner into agreeing to a bench trial instead of the jury trial the petitioner wanted.

5. Did the bias and prejudice showed to the petitioner by the court rise to the level of a manifest abuse of discretion on part of the sentencing judge and result in a [*sic*] illegal sentence being imposed.

Smith's Br. at 4.

When reviewing the denial or grant of relief under the PCRA, "[w]e must determine whether the PCRA court's ruling is supported by the record and free of legal error." **Commonwealth v. Presley**, 193 A.3d 436, 442 (Pa.Super. 2018) (citation omitted).

We do not address the merits of Smith's claims because his PCRA petition was untimely. **See Commonwealth v. Pursell**, 749 A.2d 911, 913-14 (Pa. 2000). A petitioner has one year after the judgment of sentence becomes final to seek relief that is cognizable under the PCRA. **See** 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the

- 3 -

conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). When a PCRA petitioner files a petition after that deadline, the petitioner bears the burden of pleading and proving at least one of the PCRA's time-bar exceptions. These exceptions are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A petitioner must raise the exception within one year of the date on which the petitioner could have first raised it. 42 Pa.C.S.A. § 9545(b)(2).

Here, Smith's judgment of sentence became final on September 14, 2015, when the time to file a writ of *certiorari* with the United States Supreme Court expired. U.S.Sup.Ct. Rule 13. Therefore, the one-year deadline expired on September 14, 2016, and the instant petition, which Smith filed in December 2018, is untimely and the PCRA court lacked jurisdiction unless

Smith pleaded (and later proved) at least one of the time-bar exceptions. ***See Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010).

"[Our Supreme] Court has repeatedly stated it is the appellant's burden to allege and prove that one of the timeliness exceptions applies." ***Commonwealth v. Hawkins***, 953 A.2d 1248, 1253 (Pa. 2008) (citation omitted). Further, "although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant." ***Commonwealth v. Lyons***, 833 A.2d 245, 251–52 (Pa.Super. 2003).

In this case, even liberally construed, Smith failed to plead, let alone prove, any of the exceptions in his PCRA petition. Smith belatedly included a section in his appellate brief addressing timeliness, but that is not only too late – the petitioner must plead the exception in the PCRA petition itself – but it also fails to argue any of the three statutory exceptions. He instead claims that his instant petition is timely as "a continuation in the appeal process." Smith's Br. at 7. That is not a basis on which to find the petition timely. Thus, Smith failed to plead and prove that at least one of the PCRA's time-bar exceptions applies and the PCRA court properly determined that it lacked jurisdiction to review the merits of Smith's PCRA petition. ***See Hawkins***, 953 A.2d at 1253; ***Albrecht***, 994 A.2d at 1093.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/1/2020