J-S41014-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALEXANDER PABON, JR. | : | |
| | : | |
| | : | No. 891 MDA 2022 |

Appeal from the Order Entered May 19, 2022
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0001539-2021

BEFORE:   LAZARUS, J., MURRAY, J., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY LAZARUS, J.:            **FILED DECEMBER 13, 2022**

Alexander Pabon, Jr., appeals from the order, entered in the Court of Common Pleas of York County, dismissing his *pro se* petition seeking credit for time served.  Both the trial court and the Commonwealth concede that Pabon's petition should have been treated as a timely first petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Accordingly, we vacate and remand for further proceedings.

On December 14, 2020, Pabon was arrested and charged with one count of possession with intent to deliver cocaine.[1]  On November 8, 2021, Pabon entered a negotiated guilty plea and was immediately sentenced to 21 to 48 months' incarceration.  Prior to Pabon entering his plea, there was extensive

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30).

discussion on the record regarding the proper application of his nearly-one-year credit for time served. On the advice of his counsel, Pabon ultimately decided to accept the Commonwealth's plea offer and to ask the court to make his sentence effective that day, thereby foregoing his credit on the instant matter in the hope that the Pennsylvania State Parole Board would apply the time to his violation, even though there was no guarantee that that would happen.

Pabon did not file post-sentence motions or a direct appeal and the parole board failed to grant him a credit towards his back time. On November 24, 2021, Pabon filed a *pro se* motion to withdraw his guilty plea on the basis that the trial court should have applied his time credit to the instant sentence pursuant to **Commonwealth v. Mann**, 957 A.2d 746 (Pa. Super. 2008) (holding that if defendant is incarcerated prior to disposition on new charges and has both a parole board detainer and has failed for any reason to satisfy bail on new charges, credit for time served must be applied to new sentence as sentencing condition by sentencing court).

On March 8, 2022, Pabon filed a *pro se* petition for credit for time spent in custody. On March 25, 2022, plea counsel filed a motion to withdraw as counsel, which the court granted on March 28, 2022. Pabon filed another *pro se* petition for credit for time spent in custody on March 29, 2022. Pabon alleged that he had been "ill-advised" by plea counsel regarding the application of his time credit. On April 27, 2022, Pabon filed a third *pro se* petition for credit for time served in custody, again alleging that he had been

- 2 -

"ill-advised" by counsel. On May 19, 2022, the trial court denied the third petition.[2]

Pabon filed a timely notice of appeal. On June 28, 2022, the trial court appointed counsel to represent Pabon on appeal. Counsel filed a Pa.R.A.P. 1925(b) statement as ordered by the court. Pabon raises the following claim for our review:

> Whether the trial court erred in dismissing [Pabon's] petition for time credit, which should have been treated as a PCRA [petition] affording [Pabon] the right to counsel?

Brief of Appellant, at 4.

It is well-settled that the PCRA is intended to be the sole means of achieving post-conviction relief. *See* 42 Pa.C.S.A. § 9542; *Commonwealth v. Haun*, 32 A.3d 697 (Pa. 2011). A collateral petition raising an issue that is cognizable under the PCRA is to be considered a PCRA petition. *Commonwealth v. Deaner*, 779 A.2d 578 (Pa. Super. 2001).

Here, Pabon filed multiple petitions in which he alleged that, due to the ineffectiveness of plea counsel, he did not receive the time credit to which he was entitled. Allegations of ineffectiveness of counsel are cognizable under the PCRA. *See* 42 Pa.C.S.A. § 9543(a)(2)(ii); *see also Commonwealth v. Lippert*, 85 A.3d 1095, 1100 (Pa. Super. 2014) (claim for ineffective assistance of counsel in connection with advice rendered regarding whether

---

[2] It appears from the certified record that the trial court did not dispose of any of Pabon's other filings.

to plead guilty cognizable under section 9543(a)(2)(ii) of PCRA). Claims involving the legality of a sentence are also cognizable under the PCRA. **See** 42 Pa.C.S.A. § 9543(a)(2)(vii); **see also Commonwealth v. Menezes**, 871 A.2d 204, 207 (Pa. Super. 2005) ("[A] challenge to the trial court's failure to award credit for time spent in custody prior to sentencing involves the legality of sentence and is cognizable under the PCRA.").

Accordingly, here, the proper course of action for the trial court would have been to treat Pabon's petition(s) as filed under the PCRA and appoint counsel to represent him. **See** Pa.R.Crim.P. 904(C) (court shall appoint counsel to represent indigent defendant on first PCRA petition). Therefore, we vacate the order of the trial court and remand for the appointment of counsel to either pursue Pabon's claims under the PCRA or file a **Turner**/**Finley**[3] "no-merit" letter, should counsel deem it appropriate.

Order vacated; case remanded with instructions; jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/13/2022

---

[3] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (en banc).

- 4 -