695 A.2d 409

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Dorothy DENNIS, Appellee.**

Supreme Court of Pennsylvania.

Argued Oct. 16, 1996.

Decided June 3, 1997.

Reargument Denied August 6, 1997.

Catherine Marshall, Anthony V. Pomeranz, Philadelphia, for Commonwealth.

John W. Packel, Philadelphia, for Dorothy Dennis.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO and NEWMAN, JJ.

118

## OPINION

NEWMAN, Justice.

The Commonwealth of Pennsylvania appeals from the Order of the Superior Court of July 17, 1995, vacating Dorothy Dennis' (Dennis) conviction for driving under the influence.[1] We reverse.

### FACTS

The record establishes that on April 10, 1991, at 2:18 p.m., Deborah A. Chance, a police officer, was on patrol in the 5900 block of Manning Street in Philadelphia. While the officer was speaking with a local resident, Dennis walked by and admitted to the police officer that she was drunk and could not handle her liquor. Dennis continued to walk along the street, and after a few minutes, the officer resumed her beat, proceeding to 60th and Chancelor Streets where she saw Dennis driving a car at a high rate of speed. Dennis drove her car into a parked vehicle and continued to drive down another street. She eventually stopped and exited her car.

The officer approached Dennis and questioned her about colliding with the parked car. While speaking with Dennis, the officer noticed a strong odor of alcohol on Dennis' breath. She also observed that Dennis slurred her words when she spoke and was not well-balanced. Dennis admitted to the officer that she had consumed at least a fifth of a gallon of Thunderbird wine. The officer arrested Dennis for driving under the influence. At 9:15 a.m., seven hours after the accident, police conducted a breathalyzer test to determine Dennis' blood alcohol content (BAC), which registered 0.0%.[2]

### PROCEDURAL HISTORY

After a trial, the Municipal Court of Philadelphia (trial court) found Dennis guilty of driving under the influence pursuant to Section 3731 on September 25, 1991. The trial

1. 75 Pa.C.S. § 3731.

2. There is no explanation in the record for the seven hour delay prior to administration of the BAC test.

court did not clearly indicate the appropriate subsections of the statute.[3] At that time, Section 3731 provided as follows:

### § 3731. Driving under influence of alcohol or controlled substance

(a) **Offense defined.**—A person shall not drive, operate or be in actual physical control of the movement of any vehicle while:

(1) under the influence of alcohol to a degree which renders a person incapable of safe driving;

(2) under the influence of any controlled substance, as defined in the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act, to a degree which renders the person incapable of safe driving,

(3) under the combined influence of alcohol and any controlled substance to a degree which renders the person incapable of safe driving;

(4) the amount of alcohol by weight in the blood of the person is 0.10% or greater.

On February 7, 1994, the trial court sentenced Dennis to forty-eight hours in prison, a $350.00 fine and two years probation. Dennis filed a Petition for Writ of Certiorari to the Court of Common Pleas of Philadelphia County. *See, e.g.,* Pa.R.Crim.P. 6006(a)(1) (defendant may file a Petition for Writ of Certiorari or appeal for a trial de novo). She alleged that the evidence was insufficient to sustain a conviction for driving under the influence of alcohol under Sections 3731(a)(2) and (3). Dennis also claimed that the Commonwealth's charge pursuant to Sections 3731(a)(1) was void *ab initio*[4] pursuant

---

**3.** The trial court stated as follows: "I find you guilty of the charge of violating the Motor Vehicle Code, 3731 certainly (a) and maybe (a)(3) but certainly (a), that is driving motor vehicle while intoxicated state [sic]." Notes of testimony, September 25, 1991, p. 38.

**4.** The term void *ab initio* means an action that is void from its inception. Black's Law Dictionary 6 (6th ed.1990).

to 75 Pa.C.S. § 1547(d)(1).[5] At the time of Dennis' conviction, Section 1547(d)(1) provided as follows:

**(d) Presumptions from amount of alcohol.-**

If chemical testing of a person's breath, blood or urine shows:

(1) That the amount of alcohol by weight in the blood of the person tested is 0.05% or less, it shall be presumed that the person tested was not under influence of alcohol and the person shall not be charged with any violations under Section 3731(a)(1) or (4) (relating to driving under the influence of alcohol or controlled substance), or if the person was so charged prior to the test, the charge shall be void ab initio.

The Court of Common Pleas of Philadelphia County entered an Order denying the Petition for Writ of Certiorari on May 9, 1994. Dennis filed a timely appeal.

On July 17, 1995, the Superior Court issued an Order reversing the Order of the Court of Common Pleas. First, the Superior Court held that the Commonwealth failed to prove that Dennis was driving under the influence of a controlled substance as prohibited by Section 3731(a)(2) and (3). Second, the Superior Court held that a plain reading of 75 Pa.C.S. § 1547(d)(1) expressly barred the Commonwealth from charging Dennis with violating Section 3731(a)(1) because Dennis' BAC of 0.0% created an irrebuttable presumption that she was not under the influence of alcohol. The Superior Court held that the charge against Dennis was void *ab initio* and therefore vacated the judgment of sentence.

In a dissenting opinion, Judge Johnson opined that Dennis had waived this issue. Alternatively, Judge Johnson would have held that the majority reached an absurd conclusion because the result of a BAC test taken seven hours after the

5. In 1976, the General Assembly promulgated Subchapter B of the Vehicle Code, 75 Pa.C.S.A. § 1531 *et seq.*, Comprehensive System for Driver Education and Control. Section 1547 governs chemical testing to determine the amount of alcohol or controlled substance in a driver's body. This section permits the results of chemical tests of breath, blood or urine to be admissible in evidence in prosecutions pursuant to Section 3731.

operation of a motor vehicle is irrelevant to a determination of the content of alcohol in a person's blood while the person was driving. Judge Johnson also would have found that there was sufficient evidence to convict Dennis of driving under the influence pursuant to Section 1547(f).[6]

The Commonwealth filed a timely Petition for Allowance of Appeal raising the following issue: whether the Superior Court erred when it vacated Dennis' judgment of sentence for driving under the influence pursuant to 75 Pa.C.S. § 1547(d)(1) based on a negative breathalyzer taken seven hours after Dennis declared she was intoxicated and then crashed into a parked car?

## WAIVER

A review of the record reveals that defense counsel never made a motion at trial to dismiss the charges against Dennis as void *ab initio* pursuant to Section 1547(d)(1). An issue must be raised in the trial court and cannot be raised for the first time on appeal. Pa.R.App.P. 302. We have explained that if appellate courts were to consider issues not raised in the trial court, then the trial would become a dress rehearsal and would give an unfair advantage to the ill-prepared advocate. *Dilliplaine v. Lehigh Valley Trust Company*, 457 Pa. 255, 322 A.2d 114 (1974). Further, trial courts should be given the opportunity to correct an error and conserve judicial resources. *Dilliplaine; Tagnani v. Lew*, 493 Pa. 371, 426 A.2d 595 (1981). The waiver rule applies with equal force to the Municipal Court of Philadelphia. *See, e.g., Commonwealth v. Frazier*, 324 Pa.Super. 334, 471 A.2d 866 (1984)(writ of certiorari has "the quality of a true appeal"); *Commonwealth v. Speights*, 353 Pa.Super. 258, 509 A.2d 1263 (1986), *alloc. denied*, 517 Pa. 594, 535 A.2d 83 (1987)(a writ of certiorari to the Court of Common Pleas requests review based solely on the record in the Municipal Court).

6. 75 Pa.C.S. § 1547(f) provides as follows:

 **(f) Other evidence admissible.**—Subsections (a) through (i) shall not be construed as limiting the introduction of any other competent evidence bearing upon the question whether or not the defendant was under the influence of alcohol.

122

■ Here, Dennis knew that her BAC result was 0.0% before the trial. Therefore, Dennis could have made a motion to dismiss the charges as void *ab initio* pursuant to Section 1547(d)(1) as early as the pre-trial motion stage. Pa. R.Crim.P. 306. Instead, Dennis failed to raise the issue before the trial court, and raised it for the first time in her Petition for Writ of Certiorari on appeal to the Court of Common Pleas. Thus, Dennis' claim pursuant to Section 1547(d)(1) was waived and the Superior Court improperly relied upon Section 1547(d)(1) to vacate Dennis' conviction. *Speights;* Pa.R.App.P. 302.

Accordingly, we reverse the Order of the Superior Court and reinstate the judgment of sentence.

ZAPPALA and NIGRO, JJ., concur in the result.