**COMMONWEALTH of Pennsylvania,**
**Appellee,**

**v.**

**Mathew DOUGLASS, Appellant.**

Superior Court of Pennsylvania.

Submitted June 18, 1997.

Filed Nov. 6, 1997.

John W. Packel, Asst. Public Defender, Philadelphia, for appellant.

Peter J. Gardner, Asst. Dist. Atty., Philadelphia, for the Com., appellee.

Before CAVANAUGH, EAKIN and MONTEMURO,* JJ.

EAKIN, Judge:

Mathew Douglass appeals from the judgment of sentence entered May 9, 1996 in the Court of Common Pleas of Philadelphia County (McInerney, P., presiding) following his convictions for theft, receiving stolen

* Retired Justice assigned to Superior Court.

property, and the summary offense of criminal mischief. We affirm.

At approximately 9:45 p.m. on August 9, 1995, Wayne Johnson heard glass breaking and saw appellant leaning through the window of a parked car. Mr. Johnson called to the man that he was going to call the police and that appellant better get out of there. Appellant pulled his head out of the car, looked at Mr. Johnson and leaned back into the car; aside from Mr. Johnson and his friend, appellant was the only person on the block. Mr. Johnson notified police of the break-in and flagged down a passing police car. He told SEPTA Police Officer Charles Lawson he had just seen a black man wearing a white T-shirt and shorts breaking into a car in the 400 block of North Water Street, and if the officer acted quickly, he could probably catch the thief.

Officer Lawson drove immediately to the location and saw a Nissan matching Mr. Johnson's description with a broken window. He also saw appellant, the only other person on the street, about 30 yards from the car. Appellant was carrying a backpack that was open and contained in plain view a tape cassette case. Appellant acknowledged he was carrying cassette tapes. Officer Lawson asked appellant to accompany him back to the Nissan where they awaited the arrival of Mr. Johnson.

In the meantime, Mr. Johnson had viewed two other individuals, but neither was the perpetrator. Upon seeing appellant's face and clothing, Mr. Johnson positively identified appellant as the thief. About ten minutes had passed since Mr. Johnson first saw appellant. The owner of the Nissan returned to her car and identified the tapes and cassette case in appellant's backpack as hers.

On November 24, 1995, appellant's motion to suppress physical evidence was denied. After his conviction in the Philadelphia Municipal Court, he appealed and sought a trial *de novo* in the Court of Common Pleas. Following a bench trial, appellant was convicted again on all charges. On July 8, 1996, the trial court denied appellant's Motion for Extraordinary Relief and sentenced him to six to twelve months imprisonment. This timely appeal followed.

Appellant claims the identification evidence should be suppressed because the procedure by which he was identified was impermissibly suggestive and the fruit of an illegal arrest, and the physical evidence was seized without probable cause.

■ Our review of a trial court's refusal to suppress evidence is limited to determining whether the factual findings of the suppression court are supported by the record. *Commonwealth v. Marinelli,* 547 Pa. 294, 690 A.2d 203, 214 (1997). Thus, if sufficient evidence is of record to support the suppression court's ruling and that court has not misapplied the law, we will not substitute our credibility determination for that of the suppression court judge. *Id.* When reviewing the trial court's ruling on a motion to suppress, we may consider the evidence presented both at the suppression hearing and at trial. *In Interest of D.W.,* 427 Pa.Super. 629, 635 n. 2, 629 A.2d 1387, 1389 n. 2 (1993) (quoting *Commonwealth v. Chacko,* 500 Pa. 571, 459 A.2d 311 (1983)).

■ Appellant's first issue is waived because he failed to move to suppress Mr. Johnson's identification of him:

> Unless the opportunity did not previously exist, or the interests of justice otherwise require, such motion shall be made only after a case has been returned to court and shall be contained in the omnibus pretrial motion set forth in Rule 306. If timely motion is not made hereunder, the issue of suppression of such evidence shall be deemed to be waived.

Pa.R.Crim.P. 323(b).

■ At the suppression hearing, appellant challenged only the physical evidence. N.T. Municipal Court, 11/24/95, at 3. As appellant did not challenge Mr. Johnson's identification, the Commonwealth had no burden to establish the constitutionality of that identification, and there is no record on that issue for us to review. Moreover, the failure to raise a suppression issue prior to trial precludes its litigation for the first time at trial, in post-trial motions or on appeal. *Commonwealth v. Collazo,* 440 Pa.Super. 13, 17, 654 A.2d 1174, 1176 (1995).

▮ Although he was granted a trial *de novo* in the Court of Common Pleas, appellant was not entitled to relitigate pretrial motions. A trial *de novo* is generally limited to a relitigation of guilt or innocence only. *Commonwealth v. Harmon*, 469 Pa. 490, 366 A.2d 895 (1976). "To interpret [Article I, Section 9 of our state Constitution] as requiring an *automatic* relitigation of the pre-trial suppression decision serves no useful purpose and would unnecessarily further encumber a procedure which was intended to expedite and not delay the disposition of the case load before our courts."[1] *Id.* at 497, 366 A.2d at 899. It is well settled an issue must be raised in the trial court and cannot be raised for the first time on appeal. Pa.R.A.P. 302; *Commonwealth v. Dennis*, 548 Pa. 116, 695 A.2d 409 (1997). The waiver rule applies with equal force to the Philadelphia Municipal Court. *Dennis*, 548 Pa. at ——, 695 A.2d at 411.

▮ However, even if this claim is not waived, it is meritless. Even assuming the illegality of an arrest[2] or a suggestive out-of-court pretrial procedure, the eyewitness identification of appellant are not necessarily suppressible. *Commonwealth v. Abdul–Salaam*, 544 Pa. 514, 678 A.2d 342 (1996), *cert. denied*, —— U.S. ——, 117 S.Ct. 1337, 137 L.Ed.2d 496 (1997); *Commonwealth v. Garvin*, 448 Pa. 258, 293 A.2d 33 (1972). An in-court identification will be permitted if, considering the totality of the circumstances, the identification " 'had an origin sufficiently distinguishable to be purged of the primary taint.' " *Abdul–Salaam*, 544 Pa. at 529, 678 A.2d at 349 (quoting *Commonwealth v. Carter*, 537 Pa. 233, 253, 643 A.2d 61, 71 (1994)).

The factors to consider in determining whether an independent basis exists for the identification are:

> (1) the opportunity of the witness to view the criminal at the time of the crime; (2) the witness' degree of attention; (3) the accuracy of the witness' prior description of the criminal; (4) the level of certainty demonstrated by the witness at the confrontation; and (5) the length of time between the crime and the confrontation.

*Abdul–Salaam*, 544 Pa. at 529, 678 A.2d at 349.

▮ The Court of Common Pleas determined that Mr. Johnson's identification of appellant had an independent basis and was not a product of the events occurring between the time of the crime and the in-court identification:

> Johnson's testimony was clear and unequivocal. He had a clear opportunity to view appellant's face and clothing. As appellant was in the act of committing a theft from the automobile, Johnson called out to him and appellant looked directly at him. The description Johnson gave to police was accurate, he was only a short distance away, and the area was well lit. Additionally, Johnson was able to distinguish two other suspects from defendant, and he had a high degree of certainty when he identified appellant at trial.

Trial Court Opinion, 10/11/96, at 8. We find there was sufficient evidence to support the trial court's determination.

Appellant also argues he was arrested without probable cause and that the tape

---

1. The unquestioned purpose of the Municipal Court in Philadelphia was to relieve the congestion and backlog by expediting the disposition of civil cases up to $500 and criminal cases up to two years' imprisonment. "It is obvious that if the Municipal Court proceeding becomes a mere dress rehearsal for further proceedings in the Common Pleas Court, then the new system had defeated the very purpose for which it was conceived." *Harmon*, 469 Pa. at 496 n. 7, 366 A.2d at 898–99 n. 7.

2. Our Supreme Court recently reiterated the observation that " '[n]o law abiding society could tolerate a presumption that but for the illegal arrest[,] the suspect would never have been re-

quired to face his accusors [sic]. Thus, ... the only effect of the illegal arrest was to hasten the inevitable confrontation and not to influence its outcome.' " *Commonwealth v. Roberts*, 545 Pa. 460, 465–66, 681 A.2d 1274, 1277 (1996) (quoting *Commonwealth v. Garvin*, 448 Pa. 258, 264, 293 A.2d 33, 37 (1972)). An in-court or out-of-court identification is admissible if the illegal arrest does not contribute to the knowledge of the witness or the accuracy of the identification, i.e., has an independent basis. *Id.* at 466, 681 A.2d at 1277; *see also Commonwealth v. Howard*, 442 Pa.Super. 337, 345, 659 A.2d 1018, 1022 (1995) (defendant's face is not a suppressible fruit of an illegal arrest).

cassette case should have been suppressed. We disagree.

 Whether probable cause exists depends upon the "totality of the circumstances." *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); *Commonwealth v. Gray,* 509 Pa. 476, 503 A.2d 921 (1985). A police officer must make a practical, common-sense decision whether, given all of the circumstances known, there is a fair probability that a crime was committed and the suspect committed the crime. *Commonwealth v. Butler,* 354 Pa.Super. 533, 537–38, 512 A.2d 667, 669–70 (1986).

 Even if an officer lacks the precise level of information necessary for probable cause, he is not required to simply shrug his shoulders and allow a criminal to escape. *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968);[3] *Commonwealth v. White,* 358 Pa.Super. 120, 127–28, 516 A.2d 1211, 1215 (1986). An investigatory or *Terry* stop constitutes such a limited intrusion on the personal security of those detained and is justified by such substantial law enforcement interests that it may be made on less than probable cause so long as police have an articulable basis for suspecting criminal activity. *Michigan v. Summers,* 452 U.S. 692, 699, 101 S.Ct. 2587, 2592, 69 L.Ed.2d 340, 348 (1981) (quoted in *Commonwealth v. Lovette,* 498 Pa. 665, 450 A.2d 975 (1982), *cert. denied,* 459 U.S. 1178, 103 S.Ct. 830, 74 L.Ed.2d 1025 (1983)).

 The following factors must be considered in justifying an investigatory stop: the specificity of the description in conjunction with how well the suspect fits that description, the proximity of the suspect to the crime, the time and place of the confrontation and the nature of the crime being reported. *Commonwealth v. Jackson,* 359 Pa.Super. 433, 519 A.2d 427 (1986).

 Here, the record supports a finding that Officer Lawson had reasonable suspicion, based upon specific and articulable facts, to stop and briefly detain appellant. *Terry,* 392 U.S. at 21, 88 S.Ct. at 1888. Less than one minute after an eyewitness reported a theft-in-progress and described both car and thief, Officer Lawson spotted appellant thirty yards away from the only damaged car on the street. Both the car, with the broken drivers-side window, and appellant matched the eyewitness' description; appellant was the only person in the vicinity. The officer reasonably determined that a crime had been committed and the appellant committed it. Therefore, the officer acted appropriately when he briefly detained appellant in order to investigate further, and saw in plain view a tape cassette case protruding from appellant's backpack. *See Commonwealth v. Wells,* 441 Pa.Super. 272, 657 A.2d 507, *alloc. denied,* 542 Pa. 668, 668 A.2d 1131 (1995) (investigatory stop proper where match between suspect car and Wells' car, as well as his proximity to the time and location of the abduction, gave police reasonable grounds to suspect criminal activity).

Appellant accompanied the officer less than 100 feet back to the Nissan and remained there for about five minutes until Mr. Johnson arrived. When Mr. Johnson positively identified appellant as the thief he had seen less than ten minutes earlier poking his head through the Nissan's newly-shattered window, police had probable cause to arrest appellant. *See White,* 358 Pa.Super. at 130, 516 A.2d at 1216 (investigative stop based upon reasonable suspicion may ripen into probable cause to arrest when such additional information as witness identification, confirming the evidence was seized incident to appellant's arrest and based on probable cause).

Judgment of sentence affirmed.

---

**3.** In *Commonwealth v. Melendez,* 544 Pa. 323, 676 A.2d 226 (1996), our Supreme Court noted the requirements of *Terry* are also the requirements of Article I, § 8 of the Pennsylvania Constitution.