J-S27033-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                    :           PENNSYLVANIA
                                    :

          v.                           :
                                    :
                                    :

CHRISTINE LEE HADLOCK         :
                                    :

       Appellant          :     No. 325 MDA 2023

Appeal from the Judgment of Sentence Entered January 30, 2023
In the Court of Common Pleas of Bradford County
Criminal Division at No(s):  CP-08-CR-0000172-2022

BEFORE:  BENDER, P.J.E., BOWES, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:        **FILED: NOVEMBER 27, 2023**

Christine Lee Hadlock ("Hadlock") appeals from the judgment of sentence entered following her non-jury convictions for three counts of driving under the influence of a controlled substance ("DUI"), and one count each of possession of marijuana, possession of drug paraphernalia, and driving while operating privilege is suspended or revoked.[1]  After careful review, we affirm.

The trial court delineated the underlying facts and procedural history:

> Officer Casey Shiposh of the Sayre Borough Police Department was in full uniform [on] patrol . . . in Sayre Borough, Bradford County.  Officer Shiposh observed a black Mazda, driven by what he believed to be a female based on the driver's appearance, bearing New York registration JCW5575.  Officer Shiposh ran the license plate as he often does while on patrol, which revealed that the car was registered to [Hadlock].  Officer Shiposh assumed that the owner of the vehicle was the operator

---

[1] 75 Pa.C.S.A. §§ 3802(d)(1)(i), (ii), (iii); 35 P.S. § 780-113(a)(31), (32); 75 Pa.C.S.A. § 1543(b).

of the vehicle. Officer Shiposh next checked the license status of [Hadlock] and learned that [Hadlock's] license was suspended due to a previous DUI conviction. Officer Shiposh checked to see if there were any outstanding arrest warrants and confirmed that there was an outstanding warrant out of the Bradford County Sheriff's Office for a previous DUI charge. Officer Shiposh next initiated a traffic stop of the vehicle and smelled an odor of marijuana upon contact with [Hadlock]. [Hadlock], upon questioning by Officer Shiposh, produced a container full of marijuana. [Hadlock] was placed into custody and the vehicle was impounded. [Hadlock] waived her **Miranda**[2] rights[,] and during further questioning from Officer Shiposh[, Hadlock] exhibited signs that she was under the influence of marijuana and failed sobriety testing. Later, a blood draw . . . reveal[ed] that [Hadlock] had [a]mphetamine, [m]ethamphetamine, and [d]elta-9 THC in her system.

Trial Court Opinion, 10/27/22, at 1-2 (footnote added).

The trial court held a nonjury trial based upon stipulated facts and found Hadlock guilty of the offenses enumerated above. **See** Trial Court Opinion, 3/23/23, at 1 (unnumbered). Among other facts, Hadlock stipulated, "[t]he attached driving record is admitted and indicates [Hadlock] was under suspension DUI related at the time of the stop[.]" Stipulation, 11/14/22, at 1 (unnumbered). The trial court sentenced Hadlock to ninety days to twenty-four months of incarceration, followed by forty-eight months of probation. Hadlock filed a timely appeal.[3]

Hadlock raises a single issue on appeal:

[Whether] the [trial c]ourt erred in not suppressing all the evidence found because [Officer Shiposh] lacked articulable facts

---

[2] **See Miranda v. Arizona**, 384 U.S. 436 (1966).

[3] Hadlock and the trial court complied with Pa.R.A.P. 1925.

to stop [Hadlock,] and 75 Pa.C.S.A. [§] 6308(b) does not give an [o]fficer unbridle[d] authority to stop a motor vehicle?

Hadlock's Brief at VI.

Hadlock challenges the denial of her motion to suppress. ***See*** Hadlock's Brief at 5-7. When reviewing an order denying a motion to suppress evidence,

> [o]ur standard of review . . . is limited to determining whether the findings of fact are supported by the record and whether the legal conclusions drawn from those facts are in error. In making this determination, this [C]ourt may only consider the evidence of the Commonwealth's witnesses, and so much of the witnesses for the defendant, as fairly read in the context of the record as a whole, which remains uncontradicted. If the evidence supports the findings of the trial court, we are bound by such findings and may reverse only if the legal conclusions drawn therefrom are erroneous.

***Commonwealth v . Gindraw***, 297 A.3d 848, 851 (Pa. Super. 2023) (citation omitted).

Section 6308(b) of the Motor Vehicle Code ("MVC")[4] provides the requisite quantum of suspicion for a traffic stop:

> (b) Authority of police officer.—Whenever a police officer is engaged in a systematic program of checking vehicles or drivers ***or has reasonable suspicion that a violation of this title is occurring*** or has occurred, he may stop a vehicle, upon request or signal, for the purpose of checking the vehicle's registration, proof of financial responsibility, vehicle identification number or engine number or the driver's license, or to secure such other information as the officer may reasonably believe to be necessary to enforce the provisions of this title.

_____

[4] ***See*** 75 Pa.C.S.A. §§ 101 *et seq*.

75 Pa.C.S.A. § 6308(b) (emphasis added).  This Court has further explained,

consistent with section 6308(b),

> [w]hen considering whether reasonable suspicion or probable
> cause is required constitutionally to make a vehicle stop, the
> nature of the violation has to be considered.  If it is not necessary
> to stop the vehicle to establish that a violation of the [MVC] has
> occurred, an officer must possess probable cause to stop the
> vehicle.  Where a violation is suspected, but a stop is necessary
> to further investigate whether a violation has occurred, an officer
> need only possess reasonable suspicion to make the stop.
> Illustrative of these two standards are stops for speeding and DUI.
> If a vehicle is stopped for speeding, the officer must possess
> probable cause to stop the vehicle.  This is so because when a
> vehicle is stopped, nothing more can be determined as to the
> speed of the vehicle when it was observed while traveling upon a
> highway.  On the other hand, if an officer possesses sufficient
> knowledge based upon behavior suggestive of DUI, the officer
> may stop the vehicle upon reasonable suspicion of a [MVC]
> violation, since a stop would provide the officer the needed
> opportunity to investigate further if the driver was operating under
> the influence of alcohol or a controlled substance.

*Commonwealth v. Haines*, 166 A.3d 449, 455 (Pa. Super. 2017) (quotation

omitted).

The MVC prohibits driving with a suspended license.  *See* 75 Pa.C.S.A.

§ 1543(a).  An officer needs only reasonable suspicion to effect a traffic stop

based on section 1543.  *See*, *e.g*., *Commonwealth v. Farnan*, 55 A.3d 113,

117-18 (Pa. Super. 2012) (holding a traffic stop was legal based on the

officer's reasonable suspicion the operator was driving a vehicle with a

suspended license); *accord Commonwealth v. Hilliar*, 943 A.2d 984, 992

(Pa. Super. 2008) (stating "the officer . . . formed a reasonable suspicion to

conclude [Hilliar] was driving under suspension while [he] and the officer were

- 4 -

still in the officer's primary jurisdiction. Thus, it would have been entirely legal for the officer to execute a traffic stop at that time and at that location.").

On appeal, Hadlock argues the police needed more than reasonable suspicion to effect a motor vehicle stop. *See* Hadlock's Brief at 5. Hadlock claims the police "must point to specific and [a]rticulable facts which in conjunction with rational references derived therefrom warrant the initial stop." *Id*. (citation omitted). Hadlock states to deny suppression the court "must examine the totality of the circumstances to determine whether a particularized and objective basis for suspecting an individual stopped of criminal activity exists." *Id*. (citation omitted). Hadlock maintains she did not "commit a motor vehicle violation as required under [75 Pa.C.S.A. § 6308(b)]." *Id*. at 3. To support this claim, Hadlock avers it "was not true" she was driving with a suspended license. *Id*. at 5.

In denying Hadlock's motion to suppress, the trial court noted Hadlock relied on "the prior text" of 75 Pa.C.S.A. § 6308(b) and, therefore, articulated the incorrect standard of review for a motor vehicle stop. Trial Court Opinion, 10/27/22, at 2-3. The trial court found Officer Shiposh only needed "reasonable suspicion to initiate a stop for a violation of the [MVC]." *Id*. (citation omitted). The trial court held this Court's *en banc* decision in ***Commonwealth v. Jefferson***, 256 A.3d 1242, 1248-51 (Pa. Super. 2021) (*en banc*), which applied the United States Supreme Court's decision in ***Kansas v. Glover***, 140 S.Ct. 1183, 1186 (2020) (holding police had requisite

reasonable suspicion to stop a vehicle when the check of the license plate showed the driver's license of the owner was revoked and stating, "when the officer lacks information negating an inference that the owner is the driver of the vehicle, the stop is reasonable."), was dispositive. *See id*. at 3-4.

In *Jefferson*, police officers on routine patrol were running license plates and ascertained the owner of a vehicle which passed them had an outstanding warrant. *See Jefferson*, 256 A.3d at 1245. The police did not have a picture of Jefferson and did not know if he was the individual driving the car. *See id*. In rejecting the appellant's argument that *Glover* was not controlling, this Court stated:

> In *Glover*, the Court considered whether it was "reasonable to infer that an individual with a revoked license may continue driving." *Glover*, 140 S.Ct. at 1188. The Court suggested that the Kansas law explicitly made the inference reasonable, but also that "common sense suffices to justify this inference." *Id*. Thus, the Court determined that the additional fact known to the police in *Glover*—that Glover's license was revoked—did not make it less likely that he was driving the vehicle registered under his name, at least not to the extent sufficient to undermine the inference that the owner is the driver of a vehicle.
>
> . . . *Glover* clearly dictates that the inference that the owner is the driver of a vehicle by itself provides reasonable suspicion to permit a *Terry*[5] stop under the Fourth Amendment, assuming, of course, that the police have reason to believe that the registered owner is involved in criminal conduct. *See id*. at 1186. Consequently, we disagree with Appellant's attempt to distinguish *Glover*.

*Id*. at 1250 (footnote added).

---

[5] *See Terry v. Ohio*, 392 U.S. 1 (1968).

Applying ***Glover*** and ***Jefferson***, the trial court stated:

> ***Jefferson*** . . . is controlling here. [Hadlock] is not entitled to relief. There was no information presented to Officer Shiposh that would negate the inference that the car was being driven by its registered owner, [Hadlock]. This gave Officer Shiposh an articulable reasonable suspicion that there was criminal activity afoot and that [Hadlock] was involved. Namely, that [Hadlock] was driving with a suspended license and had an outstanding bench warrant for her arrest.

Trial Court Opinion, 10/27/22, at 4.

Following our review, we discern no error in the trial court's reasoning. Here, like in ***Glover***, Officer Shiposh had information the registered owner of the vehicle had a suspended license. ***See*** N.T., 10/12/22, at 5. As in ***Jefferson***, Officer Shiposh also had information there was an outstanding warrant for Hadlock's arrest. ***See id***. Thus, there was sufficient reasonable suspicion to justify the stop of Hadlock's vehicle and the trial court did not err in denying Hadlock's motion to suppress.

Moreover, we have thoroughly reviewed the record in this matter. At no point in Hadlock's motion to suppress, or at the suppression hearing, did Hadlock ever challenge Officer Shiposh's testimony regarding her license being suspended. ***See*** Motion to Suppress all Evidence, 9/8/22, at 1-2 (unnumbered); Brief in Support of Motion to Suppress, 9/8/22, at 1-2 (unnumbered); N.T., 10/12/22, at 1-17. Moreover, as cited above, at Hadlock's trial on stipulated facts, she agreed her driving record showed she "was under suspension DUI related at the time of the stop[.]" Stipulation, 11/14/22, at 1 (unnumbered). Lastly, the trial court convicted Hadlock of

driving while operating privilege is suspended or revoked and Hadlock has not challenged that conviction on appeal. **See** Trial Court Opinion, 3/23/23, at 1 (unnumbered); Hadlock's Brief at VI, 3-7. Thus, the record clearly supports Officer Shiposh's contention Hadlock was driving with a suspended license. Driving with a suspended license is a violation of the MVC. **See** 75 Pa.C.S.A. § 1543(a). Officer Shiposh needed only reasonable suspicion to effect the traffic stop. **See**, **Farnan**, 55 A.3d at 117-18. Hadlock's argument to the contrary does not merit relief.

Hadlock further contends the trial court erred in denying her suppression motion because Officer Shiposh's reason for the stop was pretextual, claiming that the officer had no "systematic reason or [] reasonable suspicion" to run her plate. **See** Hadlock's Brief at 3-4, 7. However, Hadlock has waived this argument. It is well-settled "the failure to raise a suppression issue prior to trial precludes its litigation for the first time at trial, in post-trial motions or on appeal." **Commonwealth v. Douglass**, 701 A.2d 1376, 1378 (Pa. Super. 1997). Moreover, we have held, "appellate review of [a ruling on] suppression is limited to examination of the precise basis under which suppression initially was sought; no new theories of relief may be considered on appeal." **Commonwealth v. Little**, 903 A.2d 1269, 1272–73 (Pa. Super. 2006); **see also Commonwealth v. Thur**, 906 A.2d 552, 566 (Pa. Super. 2006) (stating the same). Hadlock did not argue in either her motion to suppress or at the suppression hearing the reason for the stop was pretextual or, as she argues

on appeal, that the Sayre Police Department had some kind of illicit policy or practice of stopping New York drivers. *See* Motion to Suppress all Evidence, 9/8/22, at 1-2 (unnumbered); Brief in Support of Motion to Suppress, 9/8/22, at 1-2 (unnumbered); N.T., 10/12/22, at 1-17, Hadlock's Brief at 6-7. Rather, Hadlock raised this issue for the first time in her Rule 1925(b) statement. *See* Concise Statement of [Errors] Complained of on Appeal, 3/21/23, at 1-2 (unnumbered). Issues raised for the first time in a Rule 1925(b) statement are waived. *See Commonwealth v. Coleman*, 19 A.3d 1111, 1118 (Pa. Super. 2011); *see also* Pa.R.A.P. 302(a). Because Hadlock did not raise a claim the reason for the stop was pretextual in her motion to suppress and raised it for the first time in her Rule 1925(b) statement, she waived the argument. *See Coleman*, 19 A.3d at 1118; *see also Little*, 903 A.2d at 1272-73.[6]

_____

[6] Even if not waived, this claim does not merit relief. Hadlock does not cite to anything in the record, or anything not of record, to support her speculative claim regarding the motivation of the Sayre Police. *See* Hadlock's Brief at 3-7. In any event, the legality of a stop, search or seizure is measured by *an objective test* and does not depend on the *officer's subjective motivations or state of mind*. *See Whren v. United States*, 517 U.S. 806, 813 (1996) (finding a police officer's subjective intent is irrelevant so long as there is objective justification for the police officer's actions); *see also Commonwealth v. Chase*, 960 A.2d 108, 129 (Pa. 2008) (interpreting *Whren* and stating "if police can articulate a reasonable suspicion of a [MVC] violation, a constitutional inquiry into the officer's motive for stopping the vehicle is unnecessary."); *accord Commonwealth v. Coughlin*, 199 A.3d 401, 410-11 (Pa. Super. 2018) (*en banc*). Here, as detailed above, we agree with the trial court the police had reasonable suspicion to justify the stop of Hadlock's vehicle, so any inquiry into Officer Shiposh's subjective motivation
*(Footnote Continued Next Page)*

Lastly, we reject Hadlock's invitation to ignore binding precedent and find a police officer must have some level of suspicion before running a check on a license plate. **See** Hadlock's Brief at 7. Hadlock does not cite to any legal authority to support her argument. Moreover, in **Commonwealth v. Bolton**, 831 A.2d 734 (Pa. Super. 2003), this Court addressed the identical issue and rejected it. **Id**. at 737. As none of Hadlock's arguments merit relief, we affirm her judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/27/2023

---

or that of the Sayre police force would have been improper. **See Coughlin**, 199 A.3d at 410-11.